UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALBERT F. CASTANEDA | § | |
| | § | |
| V. | § | CIVIL ACTION NO.: 5:17-CV-00356 |
| | § | |
| TRAVELERS INDEMNITY COMPANY | § | |
| AND LORINA MARSHALL | § | |

## DEFENDANTS THE TRAVELERS INDEMNITY COMPANY AND LORINA MARSHALL'S JOINT NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, The Travelers Indemnity Company (incorrectly identified as "Travelers Indemnity Company" in Plaintiff's Original Petition) (hereafter "Travelers") and Lorina Marshall, Defendants in the above entitled and numbered cause, and file this Joint Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Defendants are entitled to removal because: 1) there is complete diversity of the parties as Lorina Marshall is improperly joined as a party to this case in order to defeat diversity jurisdiction; and 2) the amount in controversy exceeds $75.000.

### A.    INTRODUCTION

1.    On March 13, 2017, Plaintiff filed his Original Petition in the County Court at Law No. 10, Bexar County, Texas.   The petition was served on Travelers on March 23, 2017. The petition was served on Ms. Marshall on April 13, 2017.   Attached as part of **Exhibit B** is a true and correct copy of "Plaintiff's Original Petition with Request for Disclosures," filed under Cause No. 2017CV01542.

2.    On April 11, 2017, Defendant Travelers filed its Original Answer in the state court action. On April 20, 2017, Defendant Ms. Marshall filed her Original Answer and both

1

Defendants filed a Jury Demand.  A copy of Travelers' Original Answer, Ms. Marshall's Original Answer and Defendants' Jury Demand are also attached as part of **Exhibit B**.

3.      In accordance with 28 U.S.C. §1446(a), copies of all processes, pleadings and orders which have been filed in the state court action or otherwise served on Defendants are attached to this Notice of Removal as **Exhibit B**.  Copies of these documents are as follows:

* Plaintiff's Original Petition (0001 – 0013);

* Civil Case Information Sheet (0014);

* Citation directed to Travelers (0015);

* Officer's Return regarding service on Travelers (0016);

* Citation and petition as served on Travelers on March 23, 2017 (0017-- 0030)

* Citation directed to Lorina Marshall (0031));

* Order for Substituted Service, signed April 6, 2017 (0032);

* Citation, petition, Motion for Substituted Service and Affidavit in Support of Motion for Substituted Service, served on Ms. Marshall on April 13, 2017 (0033 – 51);

* Defendant The Travelers Indemnity Company's Original Answer (0052 – 0056);

* Defendant Lorina Marshall's Original Answer (0057 – 0066); and

* Defendants' Rule 216 Request for Jury Demand (0067 – 0068).

4.      An Index of Matters Being Filed is attached hereto as **Exhibit A**, and a printout of the Bexar County's docket/Case Information Sheet on the state court action is attached as **Exhibit C**.

### B.      PLAINTIFF'S PLEADING ALLEGATIONS

5.      This case arises out of an automobile collision on IH-25 in San Antonio, Texas with an alleged under-insured motorist.  Plaintiff alleges that on November 6, 2015, he was driving a company vehicle owned and maintained by Maruti Transit Group and was traveling

southbound.[1]  Plaintiff alleges that he was struck by Christopher Arguijo, a non-party under-insured motorist, and that as a result of the negligence of Arguijo, Plaintiff sustained bodily injuries.  Plaintiff pleads that a contract in the form of a policy of insurance existed between Travelers and Maruti Transit Group and that Defendant failed to perform under the policy contract.  Plaintiff pleads that he has a cause of action against the alleged under-insured motorist Arguijo and that as a consequence he has a cause of action against Defendants.[2]

6.     Plaintiff further pleads that he settled a liability claim with Aruguijo, whose carrier paid liability limits of $30,000.00.   He alleges that he filed a claim for undersinsured motorist coverage with Travelers and that Ms. Marshall was assigned to his claim.  Plaintiff next alleges that Ms. Marshall "on behalf and while in the course and scope of her employment with Travelers was responsible for the evaluation and handling of the underinsured motorist claims."[3]

7.     Plaintiff further alleges that on February 5, 2016, "[p]ermission to settle the liability claims as well as a request for the underinsured motorist coverage" was sent to Travelers.[4]   He next pleads that his medical bills exceed the "amount of the minimum policy that as tendered and the amounts offered by Progressive Insurance," and that his "demand letter" detailed the care he had as a result of the wreck and recommended future care.[5]   Plaintiff claims that he has attempted to get Travelers to "place additional money toward the claim under the contract of the underinsured motorist coverage and act according to its terms and according to governing law."[6]

---

[1]     In fact, Plaintiff was a passenger in the vehicle.
[2]     *See* Plaintiff's Original Petition, p. 3, 3rd ¶, **Exhibit B**, 0003.
[3]     *See id.*, p. 4, 2nd ¶; **Exhibit B**, 0004.
[4]     *See id.*, p. 4, 3rd ¶; **Exhibit B**, 0004.
[5]     *See id.*
[6]     *See id.*, p. 4-5; **Exhibit B**, 0004 - 0005.

Plaintiff pleads that "Defendants" have failed and refused to perform and pay Plaintiff benefits to which he claims the terms of the contract "between the Plaintiff and Travelers" entitles him.[7]

8.     Regarding Defendant Ms. Marshall, Plaintiff states the following:

> Lorina Marshall acting on behalf of Travelers has refused to consider the medical bills over the amount of the policy limits that were tendered and have (sic) refused to consider the additional medical treatment that has been recommended and documented for the Plaintiff.  Lorina Marshall was acting as the agent for Travelers and within the course and scope of her employment with Travelers. This adjuster's conduct can only be characterized as incompetent and intentional. Either way, the actions of Lorina Marshall while in the course and scope of her employment for Travelers was ratified by the company.[8]

> * * *

> Lorina Marshall was an employee of Travelers … engaged in the business of insurance, who had the responsibility for the servicing of insurance policies, with special expertise in the evaluation and adjusting of insurance claims … is a person under the Texas Insurance Code.[9]

9.     As against Travelers only, Plaintiff pleads a breach of contract claim and a claim for breach of the common law duty of good faith and fair dealing.[10]

10.     As against *both* Defendants, Plaintiff pleads that "*Defendants' conduct, acts and omissions*" constitute violations of the following sections of Chapter 541 of the Texas Insurance Code (TIC) and the following "mirror" sections of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA):

> *     § **541.051(1)** ("Making, issuing or circulating or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued: (1) the terms of the policy; or, (2) the benefits or advantages promised by the policy");[11]

---

[7]     *See id.*, p. 5;  1st ¶; **Exhibit B**, 0005.
[8]     *See id.*, p. 5, 2nd ¶; **Exhibit B**, 0005.
[9]     *See id.*, p. 6, 2nd ¶; **Exhibit B**, 0006.
[10]     *See id.*, pp. 5-6, ¶¶ IX and X; **Exhibit B**, 0005-0006.
[11]     *See id.*, p. 6, ¶ XI a.; **Exhibit B**, 0006.

* § **541.060(a)(2)** ("Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear");[12]

* § **541.060(a)(4)(A)** ("Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder");[13]

* § **17.50(a)(4)** "by and through § 541.051(1)" of the TIC (see above);[14]

* § **17.50(a)(4)** "by and through § 541.060(a)(2)" of the TIC (see above);[15] and

* § **17.50(a)(4)** "by and through § 541.060(a)(4)(a)" of the TIC (see above).[16]

11.     In addition to the statutory violations listed above, Plaintiff also alleges that "the actions *of Defendants* constituted an 'unconscionable action or course of action.'" Plaintiff further pleads that "the conduct *of Defendants* as described in this petition was committed knowingly."[17]

12.     As "a direct and proximate result of the conduct, failures, refusals, breaches, negligent acts, and/or omissions of the Defendants," Plaintiff seeks recovery of the following damages: past and future health care expenses, past and future physical pain and suffering and mental anguish, past and future physical impairment, future disfigurement, attorney's fees, costs of court, actual damages, special damages, exemplary damages, penalties, pre- and post-judgment interest and other "relief".

13.     Plaintiff seeks monetary relief of "over $200,000.00 but not more than $1,000,000.00." Additionally, the Civil Case Information Sheet, signed by counsel J. Scott Mechler and filed in the state court action along with Plaintiff's Original Petition on March 10, 2017, states that "damages are "[o]ver $200,000 but not more than $1,000,000."

---

[12]     *See id.*, p. 6, ¶ XI b.; **Exhibit B**, 0006.
[13]     *See id.*, p. 7, ¶ XI c.; **Exhibit B**, 0007.
[14]     *See id.*, p. 8, ¶ XIII a.; **Exhibit B**, 0008.
[15]     *See id.*, p. 8, ¶ XIII b.; **Exhibit B**, 0008.
[16]     *See id.*, p. 9, ¶ XIII c.; **Exhibit B**, 0009.
[17]     *See id.*, p. 9, ¶ XIII (last 2 ¶¶); **Exhibit B**, 0009.

14.    The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a).  The state court action is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states, because Ms. Marshall has been improperly joined.

### C.    THE "AMOUNT IN CONTROVERSY" REQUIREMENT

15.    The amount in controversy in this case exceeds $75,000.00.  First, it is facially apparent that the jurisdictional requirement for diversity jurisdiction is met.  Plaintiff pleads that he is seeking "relief over $200,000.00 but not more than $1,000,000.00." Plaintiff's counsel also represented to the state court that the damages his client seeks are "over $200,000 but not more than $1,000,000."[18]  Moreover, Plaintiff has alleged breach of contract, violations of the Texas Insurance Code, violations of the Texas DTPA, and breach of the duty of good faith and fair dealing and Plaintiff seeks general damages, mental anguish damages, exemplary damages, damages under the Texas Insurance Code and the DTPA, and attorney's fees.  Such potential damages should be included in determining the amount in controversy.  *See Medina v. Allstate Texas Lloyd's,* EP-16-CV-00332-DCG, 2016 WL 6915278 (W.D. Tex. Nov. 23, 2016)(court found that the plaintiff's damages-limiting statement in the state court petition constituted bad faith and that the relief for claims under the Texas Insurance Code should be included in determining the amount in controversy.)  *See* also, *Johnson v. Carmax Auto Superstore, Inc.*, Civ. A. No. SA–08–CA–820–FB, 2008 WL 5686083, at *3 (W.D. Tex. Dec. 22, 2008) (court found that in determining the amount in controversy, potential damages for which defendant would be liable under state law including attorney's fees, common law damages, statutory

---

[18]    *See* the state court action "Civil Case Information Sheet"*,* **Exhibit B**, 0014.

1954030.1

damages, and treble damages should be considered; court noted that other courts relied on the causes of action and types of damages claimed by the plaintiff, holding that it was facially apparent from the state court petition that the amount in controversy exceeded $75,000, despite no "specific amount in controversy"); and *Wilson v. Hibu Inc.,* Civ. A. No. 3:13–CV–2012–L, 2013 WL 5803816, at *4 (N.D. Tex. Oct. 28, 2013)(court applied a "common-sense approach," holding that due to the claims and damages sought, the amount in controversy was facially apparent.)

16.     Second, the commercial insurance policy issued to "Maruti Fleet & Management, LLC", referenced in Plaintiff's petition, contains a bodily injury and property damage combined single limit for uninsured/underinsured motorists coverage of $100,000; therefore the insurance proceeds in dispute are underinsured benefits of $100,000.   Additionally, Plaintiff's counsel forwarded a "demand" to "Beth McConnell" at "Travelers Insurance" on  May 10, 2016 – not on February 5, 2016, as Plaintiff's petition suggests,[19] – which purported to outline "total medical damages incurred to date" of $43,657.75 and "future medical expenses" of $49,475.00. [20]  In that "demand," Plaintiff sought "a settlement of this claim in the amount of $500,000.00."[21]

17.     Thus, from the face of Plaintiff's Original Petition, Plaintiff's damage allegations, the accompanying filed "Civil Case Information Sheet," the policy's underinsured motorists coverage provisions, and Plaintiff's written demand to Defendant, it is both facially apparent and shown by a preponderance of the evidence that the $75,000.00 amount in controversy

---

[19]     Plaintiff's petition suggests a "demand" and attached medical records were sent on February 5, 2016; he alleges that "[p]ermission to settle the liability claim as well as a request for the underinsured motorist coverage was sent to Travelers on February 5, 2016.  Plaintiff's medical bills far exceed the amount of the minimum policy that was tendered and the amounts offered by Progressive Insurance. Plaintiff's demand letter detailed not only the care that he had as a result of the wreck but also the care that has been recommended for the future." *See id.*, p. 4, 3ʳᵈ  ¶; **Exhibit B**, 0004.

[20]     A true and correct copy of Plaintiff's May 10, 2016 "demand" is attached hereto as **Exhibit D**.

[21]     *See* **Exhibit D**

requirement for diversity federal jurisdiction exists. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)(court considered a pre-suit demand letter as evidence in determining whether defendants had met their burden, holding that "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy.")  Plaintiff's petition makes this a claim in excess of the $75,000 jurisdictional limit and the first requirement for removal is met.

### D.       THE "DIVERSITY OF CITIZENSHIP" REQUIREMENT

18.     At the time this action was commenced, the Plaintiff alleged that he was a resident of Texas.   It is undisputed that Plaintiff is a citizen of Texas.   Plaintiff incorrectly alleged that Travelers is a "corporation chartered by The State of Texas."  In fact, at the time this action was commenced and at all times thereafter, Defendant Travelers was, and still is, a corporation incorporated under the laws of the State of Connecticut, with its principal place of business located in the State of Connecticut.[22]  Therefore, Defendant Travelers is a citizen of Connecticut and is not a citizen of Texas.

19.     Plaintiff alleges that Ms. Marshall is a resident of the state of Texas.   However, the citizenship of Defendant Ms. Marshall should be disregarded for purposes of determining jurisdiction on the ground that Ms. Marshall has been improperly joined in order to defeat diversity.

---

[22]     *See* **Exhibit F** attached hereto, a true and correct copy of the Texas Department of Insurance website printout at https://apps.tdi.state.tx.us on The Travelers Indemnity Company, evidencing that this entity is a foreign corporation incorporated in Connecticut, with its principal place of business in Connecticut.

## I.    Improper Joinder Standard

20.    The term "improper joinder" evolves from and includes "fraudulent joinder," a doctrine originally developed by courts to remedy bad faith joinder of a non-diverse party to prevent removal of a case to federal court.   "Improper joinder" is a broader concept, however, and is adopted by the Fifth Circuit as its preferred terminology.   *See Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 571, n. 1 (5th Cir. 2004) (en banc). This doctrine implements the duty of the federal courts to not allow manipulation of jurisdiction.   *Id.* at 576.   The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."   *Smallwood,* 385 F.3d at 573 (internal quotation omitted).   Under the second test, the defendant prevails only when it establishes "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* Put another way, "there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, 2009 U.S. Dist. LEXIS 99854 (S.D. Tex. Oct. 27, 2009), citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis in original); *Menendez v. Wal-Mart Stores,* No. 09-40993, 2010 WL 445470 (5th Cir. Feb. 1, 2010)(emphasis and quotations marks in original).

21.    Although the complaint may include allegations against a non-diverse defendant, removal is proper if the court determines that the plaintiff has no reasonable basis of recovery on those claims. *Borg v. Met. Lloyd's of Tex.*, C.A. No. W:12-CV-256, 2012 WL 12539326, at *2 (W.D. Tex., Nov. 26, 2012)(*Borg I* hereafter), citing *Smallwood*, 385 F.3d at 573. To ascertain the potential for recovery, the court first conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim. ..." *Id.* The

allegations contained in the complaint at the time of removal control the inquiry. *Borg I*, 2012 WL 12539326, at *2, citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995). If the complaint does state a viable state law claim, the court may take an additional step. *Id.,* citing *Smallwood,* 385 F.3d at 573. It can pierce the pleadings to identify the presence of discrete and undisputed facts that preclude the plaintiff from recovering. *See id.*

II.     **The joinder of in state Defendant Ms. Marshall is improper because there is no reasonable basis to predict that Plaintiff can recover against her under any cause of action pled against her.**

22.     The joinder of Ms. Marshall in this case is improper and should be disregarded by this Court in determining that diversity exists for the following summarized reasons summarized immediately below and discussed *infra*:

23.     **First**, under the authority of this District's decision in *Borg I, supra.,* a case in point involving claims for underinsured motorist (UIM) benefits asserted against a carrier and an allegedly improperly joined adjuster, and under controlling Texas UIM benefits case law cited within *Borg I*, Plaintiff has no claim against the individual Ms. Marshall. This is because Plaintiff has not pled and proven that he is "legally entitled to recover" under an underinsured/uninsured motorist contract, which is a condition precedent to recovery of UIM benefits. Plaintiff has not established by *judgment* the liability of the alleged tortfeasor, Christopher Arguijo, the amount of damages suffered and the undersinsured status of Arguijo (i.e., that his damages exceed the tortfeasor's policy limits.) On this basis alone, Plaintiff has no viable claim against Ms. Marshall.

24.     **Second**, Plaintiff Castaneda has not alleged any facts which reasonably demonstrate he has any independent claim against Ms. Marshall. In the UIM context which this case presents and under Plaintiff's pleadings, there is no reasonable possibility of Plaintiff recovery against the

individual Ms. Marshall. The extracontractual statutory claims Plaintiff has pled against Ms. Marshall are premised either on a codification of a breach of the duty of good faith and fair dealing or on misrepresentation under the Texas Insurance Code/DTPA.  As to the former, Texas law is clear that an individual adjuster owes no duty of good faith and fair dealing to an insured. As to the latter, Plaintiff has failed to plead against Ms. Marshall any actionable misrepresentations *and* a piercing of the pleadings shows that in any event, Plaintiff could not have relied on any (unpled) misrepresentations because *at all times* during the handling of Plaintiff's UIM claim, Plaintiff was represented by counsel – one or another of the attorneys with the Davis Law Firm, Plaintiff's attorneys in this lawsuit.   Under the vague and "lumped together" extracontractual allegations pled *against both Defendants* , there exists no theoretical claim against Ms. Marshall and Plaintiff has pled no facts demonstrating that he has any independent claim against Ms. Marshall. Plaintiff's vague complaints do not create a reasonable possibility that Plaintiff will recover against Ms. Marshall separate and apart from Travelers. Moreover, a "piercing of the pleadings" analysis proves that there is no reasonable possibility of recovery against, Ms. Marshall under *any  theory* pled.

25.    **Third**, the *Smallwood* exception (discussed below) does not apply to defeat diversity, because  Plaintiff has not plead (and does not have) a cause of action against Ms. Marshall  for either a breach of the UIM contract or a breach of the common law duty  of good faith and fair dealing.  Therefore, the grounds for finding that there is no reasonable basis for recovery against the in-state Defendant Ms. Marshall as set forth in this Notice of Removal will *not* dispose of all claims against the diverse defendant Travelers, and  the *Smallwood* exception, therefore, does not apply. Because *Smallwood* does not apply, the citizenship of the in-state Defendant Ms. Marshall is not considered and Ms. Marshall has been improperly joined.  Complete diversity

therefore exists.

**1. Plaintiff's effort to establish any claim against Ms. Marshall fails under the holding and reasoning of this District's decision in *Borg I*.**

26.     Plaintiff's claims against Defendant Ms. Marshall fail because under Texas law, and in the UIM context this case presents, Castaneda must first plead and prove that he is "legally entitled" to recovery under the underinsured/uninsured motorist insurance contract. *See Borg I*, 2012 WL 12539326, at *3; *Henson v. S. Farm Bureau Cas. Ins. Co.* 17 S.W.3d 652, 653 (Tex.2000).  Moreover, the extracontractual claims depend upon recovery of contractual UIM benefits under Texas law.  That is, the bad faith, Insurance Code, and DTPA claims depend upon the outcome of the contractual cause of action pled against Travelers. *See Progressive Cnty. Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 922 (Tex. 2005) (citing *Am. Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801, 804 (Tex.2001), among others.) ("[insured's] common-law bad-faith claims are also negated by the determination in the breach of contract claim that there was no coverage. … Because the common-law bad-faith standard is the same as the statutory standard, [the insured's] claim for treble damages predicated on bad faith pursuant to article 21.21 of the Insurance Code and section 17.46 of the DTPA must likewise fail.").   Plaintiff has no contract with Ms. Marshall.   Therefore, no extracontractual claims exist against a non-insurer individual under Texas law and in the UIM benefits context of this case.

27.     The "unique procedure" in a UIM benefits case results from the fact that a ***UIM insurer*** is only obligated to pay under the UIM contract "damages which the insured is 'legally entitled to recover' from the underinsured motorist" and only to the extent they exceed the tortfeasor's limits.  *See Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 453-457 (Tex. App. - Texarkana 2016, no pet.**)** ("as a prerequisite to establishing entitlement to UIM benefits, a plaintiff must first establish (1) that she is legally entitled to recover from an underinsured motorist and (2) that her

damages exceed the policy limits of the underinsured motorist's policy"). The Texas Supreme Court has determined that the "legally entitled to recover" language means that recovery is predicated on his insurance policy and the accident being covered under the insurance policy. That is, the *UIM insurer* is under no contractual duty to pay benefits **until the insured obtains a judgment establishing the liability and underinsured status of the other motorist**. *Brainard,* 216 S.W.3d 809, 818(emphasis added), citing *Henson*, 17 S.W.3d 652, 653–54. The *Brainard* Court characterized the "UIM contract" as "unique" because, "according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party." Id.

28.     So, Castaneda must first plead and prove that his damages exceed the available insurance coverage of the person with whom he had the automobile accident, Christopher Arguijo.  *Id.* Only then can Castaneda assert any breach of contract claims and any extracontractual claims for bad faith and/or violations of the Texas Insurance Code or DTPA – and then, only against the insurer, not against Ms. Marshall, with whom has no contractual relationship.  *See Borg v. Metro. Lloyd's of Texas,* W:12-CV-256, 2013 WL 12091651 (W.D. Tex. Feb. 21, 2013) (*Borg II* hereafter)(court agreed with the reasoning in *Weir v. Twin City Fire Insurance Company*, 622 F. Supp. 2d 483, 486 (S.D. Tex. 2009), that in general "[i]f there is no contractual duty to pay, [Defendant] cannot be in 'bad faith,' under common law or statute.")

29.     This District has addressed improper joinder of a non-diverse adjuster in the UIM benefits claim context presented here, and the decision in *Borg I* applies in this case. As the *Borg I* court wrote, Texas courts have held that *insurance companies* are only obligated to pay UM/UIM benefits when the claimant is "legally entitled to recover." *Borg I,* 2012 WL 12539326, at 3. This means that the insured must establish that the uninsured motorist was at fault and the extent of damages before he is entitled to UIM benefits. *See id.* As the *Borg I* court

also wrote, "[t]o demonstrate liability, the Texas Supreme Court has clearly stated, '[T]he UIM insurer is under no contractual duty to pay benefits until the insured obtains a *judgment* establishing the liability and underinsured status of the other motorist. Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay. Where there is not a contractual duty to pay, there is no just amount owed.'" *Id.*, citing *Brainard,* 216 S.W.3d 809, 818 (citing *Henson,* 17 S.W.3d 652, 653)(emphasis added); *Wellisch,* 75 S.W.3d at 57 ("[A]n insurer is not obligated to pay UIM benefits until the insured becomes legally entitled to those benefits. This will generally require ... a judicial determination following a trial on the issue of the tortfeasor's liability."); and *Stoyer v. State Farm Mut. Auto. Ins. Co.,* 308–CV–1376–K, 2009 WL 464971 (N.D.Tex. Feb. 24, 2009) ("Therefore, because UIM benefits turn on whether the insured is legally entitled to receive damages from a third party—the other motorist—an insurer's contractual duty to pay is not triggered until liability and damages are determined.").

30.     As noted by the *Borg I* court, "Texas Courts have stated that it is a condition precedent that a plaintiff in a UM/UIM case demonstrate he is 'legally entitled to recover' UM/UIM benefits." *Borg I,* at *3, citing *Sikes v. Zuloaga,* 830 S.W.2d 752 (Tex.App.—Austin 1992, no writ); and *Schober v. St. Farm Mut. Auto. Ins. Co.,* No. 3:06–CV–1921–M, 2007 WL 2089435 (N.D.Tex. July 18, 2007) ("[Defendant] cannot be legally held to have breached a contractual duty that never arose.").

31.     Applying the above principals to the Plaintiff's petition in *Borg I,* the *Borg I* court found that Plaintiff had not pled the condition precedent that he was "legally entitled to recover"; that is, that he had established that the uninsured motorist was at fault and the extent of damages and therefore that he was entitled to UIM benefits.  The same result applies here.  Frist, Plaintiff has no right to recover UIM benefits as against Ms. Marshall.  Second, looking at Plaintiff

Castaneda's Original Petition, Plaintiff has not pled a condition precedent to recovery of UIM benefits under a contract with Ms. Marshall.  Nor has he pled that he is "legally entitled to recover" UIM benefits because he has obtained a judgment establishing the liability and underinsured status of Christopher Arguijo.  Therefore, all claims pled against Ms. Marshall fail. *See Borg,* at *3; *Weir,*  622 F. Supp. 2d at  486, cited with approval by *Borg II* and quoted, *supra.*

32.     Here, the conclusion follows just as it did in *Borg I,* that Plaintiff has failed to state a viable state law claim against Defendant Lorina Marshall for failure to pay UIM benefits and consequently Ms. Marshall has been improperly joined to defeat diversity.

    **2.  Plaintiff has not alleged any facts which reasonably demonstrate he has any independent claim against Ms.  Marshall.**

       **a.  No "bad faith" claim has been pled or exists against Ms. Marshall and therefore no statutory claim based on the "bad faith" standard is viable.**

33.     Additionally, Plaintiff has pled no facts which show he has an independent claim against Ms. Marshall and Plaintiff's claims against are all extracontractual statutory claims, pled against *both "Defendants." See Borg 1,* citing *Cavallini,* 44 F.3d 256, 260, 264-65. Plaintiff's claims against "Defendants" either codify the common law breach of good faith and fair dealing or are based on "misrepresentation". *See* **Exhibit B**, paragraphs XI – XIII.  Castaneda has not pled and does not have a cause of action for breach of the duty of good faith and fair dealing against Ms. Marshall. In  *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 687 (Tex.1994), the Texas Supreme Court was asked to extend the duty of good faith and fair dealing "to bind entities and individuals in the insurance industry[, such as Cunningham,] that are not in contractual privity with the claimant."  It declined to do so, "[b]ecause the existence of a contract, vesting the insurer with exclusive control over the evaluation, processing, and denial of claims, that gives rise to a special relationship is a necessary element of the duty of good faith and fair dealing." *Id.*

(internal quotation marks and citations omitted). The court explained that "[t]he non-delegable duty of good faith and fair dealing is owed by an insurance carrier to its insureds due to the nature of the contract between them giving rise to a "special relationship. An insurance carrier, not its agents and contractors providing claims handling services, is liable to the insured for actions by the agents or contractors that breach the duty of good faith and fair dealing owed by the carrier to the insured."  *Id*. at 696.  *See Waldrop v. Penn Treaty Network America Ins. Co.,* 2008 U.S. Dist. LEXIS 59291, *7-8 (S.D. Tex. 2001) (addressing the unavailability of such a cause of action against an insurance agent), referencing *Vargas v. State Farm Lloyds,* 216 F. Supp. 2d 643, 647 (S.D. Tex. 2002) (addressing the unavailability of such a cause of action against an insurance adjuster). *See also, Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009) (Plaintiff had surviving claims against Travelers that did not apply to the individual adjuster, including "breach of duty of good faith and fair dealing").

34.    Plaintiff therefore has no reasonable basis for recovery against Ms. Marshall under those provisions of the Texas Insurance Code which require the same predicate as the common law "bad faith" claim.  These include the claims pled under § 541.060(a)(2)("Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear"); § 541.060(a)(4)(A) ("Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder");  § 17.50(a)(4) "by and through § 541.060(a)(2)" of the TIC; and § 17.50(a)(4) "by and through § 541.060(a)(4)(a)" of the TIC.  *See*  **Exhibit B**, ¶ XI b. & c., 0006-0007 and ¶ XIII b. & c., 0008 - 0009.

### b. Plaintiff cannot recover against Ms. Marshall under Chapter 541 of the Texas Insurance Code (paragraphs XI of Plaintiff's Original Petition).

35.    Plaintiff cannot recover against Defendant Ms. Marshall under any claims of the claims

pled under Chapter 541 of the Texas Insurance Code (formerly Art. 21.21 – as noted in Plaintiff's petition).  Plaintiff alleges that Defendant Ms. Marshall was employed by Travelers, an insurance company, and was acting as the agent for Travelers and within the course and scope of her employment with Travelers.   However, Plaintiff pleads no facts that Ms. Marshall was herself  "engaged in the business of insurance" such that liability *separate and apart from that of her employer* Travelers could be assessed.  *See Borg I*, 2012 WL 12539326, at *4 (as previously noted, court found that Plaintiff failed to state a viable claim against the improperly joined individual adjuster because: 1) Plaintiff had not pled that he was "legally entitled to recover" against Defendants by establishing existence of a judgment that the uninsured motorist was at fault and the extent of damages; and 2) Plaintiff had not alleged any facts which reasonably demonstrated he had any independent claim against the adjuster,).  *See also Liberty Mut. Ins. Co. v. Garrison Contrs.*, 966 S.W.2d 4821(Tex. 1998)(finding that a *sales* agent may be individually liable when the agent misrepresents specific policy terms *before a loss*, and the insured's reliance upon such misrepresentation actually causes the insured to incur damages).

36.    No allegation exists that Defendant Ms. Marshall sold Plaintiff an insurance policy or explained the policy terms or premium calculations to Plaintiff or that Plaintiff was even a prospective buyer.   She did not solicit insurance sales or handle insurance investments or underwrite or otherwise engage in any of the essential activities necessary to be "engaged in the business of insurance" such that independent liability can be assessed against her. Nor did Plaintiff rely on any unspecified misrepresentations made by Defendant because at all times relative to Plaintiff's claim he was represented by counsel.  Ms. Marshall's affidavit, attached hereto as **Exhibit E**, establishes all of the following facts: Ms. Marshall was not the claim representative assigned to Plaintiff's claim in February, 2016, when Plaintiff alleges he sent a

"demand" detailing past and further "care"; at all times after she was assigned to Plaintiff's claim in May, 2016, her communications were only with Plaintiff's counsel or counsel representative; she is not an insurer and she does not issue insurance policies; she did not sell an insurance policy to Plaintiff, explain policy terms either before or after Plaintiff's loss or explain premium calculations to Plaintiff; and she did not and does not solicit insurance sales or handle investments or underwrite policies. *See* **Exhibit E**.

37.     Furthermore, "[A]n adjuster cannot be held liable under [§ 541.060(a)(4)(A)] because an adjuster does not have the authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, No. 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016), citing    *Mainali    Corp.    v.    Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015).  Given the foregoing, authority and facts, there is no reasonable possibility that Plaintiff can recover against Lorina Marshall under Chapter 541 of the TIC.

> **c.  Plaintiff cannot recover against Ms. Marshall under the DTPA (paragraphs XIII of Plaintiff's petition).**

38.     Plaintiff cannot recover against Defendant Ms. Marshall under the pled claims for DTPA violations. By the manner Plaintiff has pled his DTPA claims, including his "unconscionable action or course of action" claim, each depends on the validity of Plaintiff's "violations of the Texas Insurance Code" claims.  The claims are alleged "by and through" the same provisions cited by Plaintiff under Chapter 541 of the Texas Insurance Code. They therefore fail for the same reasons stated in the immediately preceding paragraph.    Because Plaintiff cannot recover against Defendant Ms. Marshall under Chapter 541, Plaintiff also cannot recover against Defendant Ms. Marshall under the DTPA.   Moreover, no allegation exists that Plaintiff purchased a good or service from Defendant Ms. Marshall, and in fact, Plaintiff did not purchase

a good or service from Defendant Ms. Marshall.  "Unconscionability requires that the seller take advantage of lack of knowledge, ability, experience, or capacity of a person '*at the time of the sale*'" (emphasis in original). *Tolbert ex rel. Tolbert v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 657 F.2d 262, 272 (5th Cir. 2011), citing *Parkway Co. v. Woodruff,* 901 S.W.2d 434 (Tex. 1995),(citing *Chastain v. Koonce,* 700 S.W.2d 579, 584 (Tex. 1985)). *See* **Exhibit E**, Ms. Marshall's affidavit. Plaintiff's unconscionability claim is premised on conduct of Defendant Ms. Marshall alleged to have occurred well after the sale of an auto policy to some entity other than Plaintiff (alleged in the petition to be "Maruti Transit Group").  Therefore, Plaintiff cannot recover against Ms. Marshall under the DTPA claims pled.

### d.  Plaintiff cannot recover against Ms. Marshall under Chapter 542 of the Texas Insurance Code (paragraphs XII of Plaintiff's Original Petition).

39.     There exists no reasonable possibility that Plaintiff can recover under his cause of action for violations of Chapter 542 of the Texas Insurance Code (formerly 21.21-2 and 21.55 – as noted in Plaintiff's petition).   By its very language and under Texas case law, Chapter 542 applies only to "insurers" as defined by the TIC. See *Lopez v. Allstate Vehicle & Prop. Ins. Co.,* 4:17-CV-00103, 2017 WL 1233831, at *4 (E.D. Tex. Apr. 4, 2017 ("Plaintiffs' cause of action under Texas Insurance Code, Chapter 542 likewise fails because Chapter 542 only applies to specifically listed 'insurers,' and Harbison, an adjuster, is not an insurer."); *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, No. 3:16-CV-1212-D, 2016 WL 5791550, at *4 (N.D. Tex. Oct. 4, 2016) ("Chapter 542 only applies to specifically listed "insurers," and Galvan, an adjuster, is not an insurer."); *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *5 (N.D. Tex. Aug. 31, 2015) (citing Tex. Ins. Code Ann. § 542.002) ("Summers cannot be held liable under any section of Chapter 542. Chapter 542 only applies to specifically listed "insurers," and

Summers, an adjuster, is not an insurer."). [23]  Plaintiff does not allege that Ms. Marshall is an

"insurer," and in fact Ms. Marshall is not an "insurer" as required by Chapter 542. *See* **Exhibit**

**E**, Ms. Marshall's affidavit.  As such, she cannot be liable under Chapter 542 of the Texas

Insurance Code.  Plaintiff's allegations under Chapter 542 do not apply to Ms. Marshall and

Plaintiff's cause of action under this Chapter also fails.

> **e.   Boilerplate, conclusory, allegations pled against "Defendants" are insufficient to state or establish a cause of action against Ms. Marshall.**

40.    Moreover, Plaintiff's boilerplate  allegations pled under either Chapter 541 and 542 of the

Texas Insurance Code and the DTPA are insufficient to state or establish a cause of action

against Ms. Marshall, because they are both inappropriately collective and wholly conclusory.

None of the "facts" alleged by plaintiff as to Ms. Marshall states a violation of the DTPA or the

Texas Insurance Code. Instead, the allegations pled uniformly against "Defendants" are legal

conclusions couched as factual allegations, making all allegations insufficient to state a claim

against Ms. Marshall.

41.    This District recognizes that, "[M]erely lumping diverse and non-diverse defendants

together in undifferentiated liability averments of a petition does not satisfy the requirement to

state *specific actionable conduct* against the non-diverse defendant." *Stephenson v. Standard Ins.*

*Co*., No. 10–cv–1081, 2013 WL 3146977 (W.D. Tex. June 18, 2013)(emphasis in original),

citing *King v. Provident Life and Accident Ins. Co.,* No. 1:09–CV–983, 2010 WL 2730890, at *3

(E.D. Tex. June 4, 2010).  Most recently the District held that, "[i]n order to sufficiently plead a

cause of action against an insurance adjuster, a plaintiff must allege 'specific actionable conduct

by the adjuster and distinguish claims against the adjuster from generic, conclusory, statute-

tracking claims against the insurer.'" *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins.*

---

23      Section 542.002 of the TIC lists 16 types of "insurers" to which Chapter 542 applies.

*Co.*, W-16-CA-00315-JCM, 2017 WL 1289036 (W.D. Tex. Apr. 6, 2017), citing *Mt. Olive Missionary Baptist Church v. Underwriters at Lloyd's, London*, No. CV H–16–234, 2016 WL 4494439, at *3 (S.D. Tex. Aug. 26, 2016). Plaintiff has failed to do this here.  In *Broadway*, *supra*, the court found "[t]he only paragraph containing allegations specific to Brewer is the 'Background' portion which does not support a cause of action or specify what material facts are attributable to Brewer specifically or support any cause of action in particular."  2009 WL 1445449, at *3[24] The same is true here.  Under all the authority cited above, because there is no reasonable basis to predict that Castancda could recover on *any* of his claims against Ms. Marshall, Travelers has shown that Ms. Marshall was improperly joined.  Therefore, her citizenship should be disregarded.  Because Ms. Marshall has been improperly joined, this Court has complete diversity jurisdiction and removal is proper under § 1332.

### 3. The *Smallwood* exception is not applicable to defeat diversity.

42.      In *Smallwood*, *supra*, the Fifth Circuit held that when the grounds for finding that there is no reasonable basis for recovery against the in-state defendant would equally dispose of all claims against the diverse defendant, the entire case should be remanded, because, "there is no improper joinder; there is only a lawsuit lacking merit." 385 F.3d 568 at 574. The principle in *Smallwood* is implicated only when the common defense asserted would be equally dispositive of *all* claims against *all* defendants. *Lakewood Chiropractic Clinic,* 2009 U.S. Dist. LEXIS 99854, *15 (emphasis in original), citing, *McDonal v. Abbott Labs.,* 408 F.3d 177, 184 (5th Cir. 2005); *Rainwater v. Lamar Life Ins. Co.,* 391 F.3d 636, 638 (5th Cir. 2004).  As observed above, Plaintiff has surviving claims against Travelers that do not apply to Ms. Marshall and to which

---

[24]      *Broadway* was cited with approval and relied upon in this District's recent decision,  *McClelland v. Chubb Lloyd's Ins. Co. of Texas*, No. 5:16-cv-108, 2016 WL 5791206, at *4 (W.D. Tex. September 30, 2016).

Ms. Marshall's defenses are inapposite. [25] Accordingly, *Smallwood* does not apply to defeat

diversity. *See Broadway v. Brewer,* No. 4:08-cv-475, 2009 WL 1445449, at *3 (E.D. Tex.

2009) ("the facts alleged demonstrate a possibility of recovering against SAFECO under at least

one of the causes of action asserted, and Plaintiff has asserted claims against SAFECO that she

does not bring against Brewer. Therefore, the basis for alleging improper joinder is not equally

dispositive of all defendants.")

## E.    TIMELINESS OF REMOVAL

43.    Defendant The Travelers Indemnity Company was served with Plaintiff's Original

Petition was on March 23, 2017. Defendant Lorina Marshall was served with such pleading on

April 13, 2017, less than thirty days before filing this Notice of Removal. March 23, 2017 is less

than thirty days before the date that this Notice of Removal was filed. Therefore, removal is

timely.

## F.    PROCEDURAL CORRECTNESS OF REMOVAL

44.    This is a proper venue under the provisions of 28 U.S.C. § 1441(a), because this district

and division embrace the place where the removed action has been pending.

45.    A copy of this Notice of Removal will be promptly filed with the Bexar County Clerk's

office and will be served on Plaintiff pursuant to 28 U.S.C. § 1446 (d).

46.    A copy of all processes, pleadings, orders and the state court docket sheet, have been

filed with this Court pursuant to 28 U.S.C. § 1446 (a)..

47.    Both Defendants have been served with process and both Defendants consent to this Joint

Notice of Removal.

---

[25]    These are the claims for breach of contract pled against Travelers only in ¶ IX. of Plaintiff's
Original Petition and for breach of the duty of good faith and fair dealing pled against Travelers only in ¶
X. of Plaintiff's Original Petition. *See* **Exhibit B**.

Considering the foregoing, Defendants pray that the above-referenced action, now pending in the County Court at Law No. 10 Bexar County, Texas, under Cause No. 2017CV01542, styled "*Albert F. Castaneda vs. Travelers Indemnity Company and Lorina Marshall*" be removed to this Court.

Respectfully submitted,

LECLAIR RYAN

*/s/ Bruce C. Gaible*

By: _____

**BRUCE C. GAIBLE**
State Bar No. 07567400
1233 West Loop South, Suite 1000
Houston, TX  77027
Telephone :  (713) 654-1111
Facsimile  :  (713) 650-0027
Email :  bruce.gaible@leclairryan.com

**ATTORNEY FOR DEFENDANTS,**
**THE TRAVELERS INDEMNITY COMPANY**
**AND LORINA MARSHALL**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record on this the 21st day of April, 2017.

J. Scott Mechler                         *Via E-Serve &*
Davis Law Firm                           *Facsimile 210-785-0806 &*
10500 Heritage Blvd., Suite 102              *CMRRR*
San Antonio, Texas 78216

*/s/ Bruce C. Gaible*

_____

**BRUCE C. GAIBLE**

1954030.1

23