E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date 3/13/2017 9 36 05 AM
Accepted By Allison Humes/s/
/s/ Allison Humes
Deputy Clerk

CAUSE NO. 2017CV01542

| | | |
|---|---|---|
| ALBERT F. CASTANEDA | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| V. | § | AT LAW NO. CC# 10 |
| | § | |
| TRAVELERS INDEMNITY COMPANY; | § | |
| AND LORINA MARSHALL | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ALBERT F. CASTANEDA, Plaintiff, and complains of TRAVELERS INDEMNITY COMPANY and LORINA MARSHALL, Defendants, and for cause of action respectfully shows as follows:

### I.
### Discovery

Plaintiff ALBERT F. CASTANEDA affirmatively pleads that discovery should be conducted under Level 2 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### Parties

Plaintiff, ALBERT F. CASTANEDA, is an individual whose address is 3131 Jane Ellen Street, San Antonio, Texas 78237, and will hereinafter be referred to as "PLAINTIFF." The last three numbers of Albert F. Castaneda's social security number are 513.

Defendant, TRAVELERS INDEMNITY COMPANY (hereinafter "Travelers" or collectively "Defendants"), is a corporation chartered by The State of Texas and licensed by the Texas Department of Insurance. Defendant TRAVELERS INDEMNITY COMPANY may be served with process upon its registered agent for service at: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Service of process is requested by process as authorized by this Court.

Defendant, LORINA MARSHALL, is an individual employed by and acting on b

EXHIBIT
B

Defendant Travelers indemnity Company and is a resident of the state of Texas. This Defendant may be served with process at the following address: 8711 N. Freeport Pkwy., C 3, Houston, Texas 77242-2927, or wherever she may be found. Service of process is requested by private process as authorized by this Court.

### III.
### Misnomer/Alter-Ego

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### IV.
### Venue

Venue is properly had in Bexar County, Texas pursuant to the general venue provision of §15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, in that all or a substantial part of the events or omissions giving rise to this cause of action occurred in Bexar County, Texas; and pursuant to the permissive venue provision of §15.032 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, in that this is a suit on a policy brought against an accident insurance company, wherein the underlying loss forming basis of this cause of action occurred in Bexar County, Texas.

### V.
### Jurisdiction

In Personam:   The Court has *in personam* jurisdiction over Travelers Indemnity Company because Defendant is chartered by The State of Texas and is therefore a resident of The State of Texas; and/or Defendant is a domestic corporation licensed in and by The State of Texas and have a principal office within The State of Texas; and/or because Defendant purposefully availed itself of the privilege of conducting activities within The State of Texas; and/or because Defendant purposefully established more than minimum contacts with The State of Texas by conducting and/or doing business within The State of Texas.

**State court action 0002**

**Subject Matter:** The Court has subject matter jurisdiction over the case at bar because the Plaintiff believes and alleges that she has been injured and that the resulting damages are of an amount within the jurisdictional limits of the Court.

## VI.
## Standing

On November 6, 2015, Plaintiff was driving a company vehicle owed and maintained by Maruti Transit Group. As Plaintiff was traveling southbound on IH-35 in San Antonio, Texas, he was struck by Christopher Arguijo (a non-party to this suit). As a result of the negligence of under-insured motorist Christopher Arguijo (a non-party to this suit), Plaintiff sustained bodily injuries.

At such time there existed a contract in the form of a policy of insurance by and between Defendant Travelers Indemnity Company, as insurer for Maruti Transit Group. This policy covered losses attributable to the ownership, maintenance or use of a vehicle by an uninsured/underinsured motorist. Defendants' failure to perform under the policy of insurance contract, and pursuant to applicable law, creates standing for Plaintiff to bring this instant cause of actions. The factual allegations below establish that Plaintiff has a cause of action against under-insured motorist Christopher Arguijo (a non-party to this suit) and thus by consequence has a cause of action against the Defendants herein.

## VII.
## Conditions Precedent

Plaintiff asserts that all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the cause of action at bar. Alternatively, to the extent any conditions have not been met, failure to meet said conditions, if any, has not prejudiced Defendants.

**State court action 0003**

## VIII.
## Factual Allegations

On November 6, 2015, Plaintiff was lawfully operating his motor vehicle and was traveling southbound on IH-35 in San Antonio, Bexar County, Texas. As Plaintiff was traveling on IH-35 he had to come to stop due to traffic ahead of him. Christopher Arguijo (a non-party to this suit) was also driving his vehicle on IH-35 behind Plaintiff's vehicle, when suddenly and without warning Christopher Arguijo failed to control his vehicle and rear-ended Plaintiff's vehicle. By failing to stop Christopher Arguijo failed to yield the way of right to Plaintiff and negligently collided into Plaintiff's vehicle. The collision was caused by the negligence of Christopher Arguijo.  As a result of the negligence of under-insured motorist Christopher Arguijo, Plaintiff sustained bodily injuries. Plaintiff was caused to suffer serious and permanent injuries and damages, which far exceeded the amount of the liability insurance available. Plaintiff settled a claim for liability coverage and payment with Christopher Arguijo's insurance company.  Mr. Arguijo's carrier carried liability limits of only $30,000.00 and tendered $30,000.00 to settle this claim with Plaintiff.

Plaintiff also timely filed a claim for underinsured motorist coverage with Defendant Travelers.  Unfortunately, claims representative Lorina Marshall was assigned to Plaintiff's claim.  Lorina Marshall on behalf and while in the course and scope of her employment with Travelers was responsible for the evaluation and handling of the underinsured motorist claims.

Permission to settle the liability claim as well as a request for the underinsured motorist coverage was sent to Travelers on February 5, 2016. Plaintiff's medical bills far exceed the amount of the minimum policy that was tendered and the amounts offered by Progressive Insurance.  Plaintiff's demand letter detailed not only the care that he had as a result of the wreck but also the care that has been recommended for the future. Plaintiff has attempted to get Travelers Indemnity Company to place additional money toward the claim under the contract of

**State court action 0004**

the underinsured motorist coverage and act according to its terms and according to governing law with respect to the Plaintiff. Defendants have ultimately failed to meet this responsibility. Defendants have failed and refused, and still fail and refuse to perform and pay the Plaintiff for the benefits to which he is entitled under the terms of the contract outlining the policy provisions between the Plaintiff and Travelers.

Lorina Marshall acting on behalf of Travelers has refused to consider the medical bills over the amount of the policy limits that were tendered and have refused to consider the additional medical treatment that has been recommended and documented for the Plaintiff. Lorina Marshall was acting as the agent for Travelers and within the course and scope of her employment with Travelers. This adjuster's conduct can only be characterized as incompetent and intentional. Either way, the actions of Lorina Marshall while in the course and scope of her employment for Travelers was ratified by the company.

## IX.
### Breach of Contract – Defendant Travelers Indemnity Company

Defendant Travelers Indemnity Company is liable for breach of the underinsured motorist provision of the policy contract. Travelers Indemnity Company has a legal obligation to pay insurance benefits that fairly compensate Plaintiff, but despite various demands, has failed and/or refused to do so. Traveler Indemnity Company has been given all items necessary to evaluate this claim. Such failure(s) and/or refusal(s) constitute a breach of its contract and said breach has directly resulted in damages to Plaintiff.

## X.
### Cause of Action – Defendant Travelers Indemnity Company
### Breach of the Common Law Duty of Good Faith and Fair Dealing

Defendant Travelers Indemnity Company breached its duty of good faith and fair dealing in relation to Plaintiff's claim by failing and/or refusing to settle this matter for the amount of money necessary to properly compensate Plaintiff for his damages, despite ample evidence that

**State court action 0005**

the worth of the claim exceeded all applicable insurance coverages and ample opportunity to settle. In addition, Defendant has failed to attempt to effectuate a proper settlement in good faith after liability had become reasonably clear. Said breach was a proximate cause of damages to Plaintiff.

**XI.**

**Cause of Action- Defendants Travelers Indemnity Company and Lorina Marshall**
**Violations of Chapter 541 of the TEXAS INSURANCE CODE**
**[formerly ART. 21.21 of the TEXAS INSURANCE CODE]**

At all times during the handling of Plaintiff's claim, Lorina Marshall was an employee of Travelers Insurance Company engaged in the business of insurance, who had the responsibility for the servicing of insurance policies, with special expertise in the evaluation and adjusting of insurance claims. Ms. Marshall is a person under the Texas Insurance Code.

Defendants' conduct, acts and omissions as herein described constitute violations of said Chapter, violations that were the producing cause of damages to Plaintiff, as follows:

a.    Making, issuing, or circulating or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

(1)    the terms of the policy; or,

(2)    the benefits or advantages promised by the policy.

§541.051(1) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(1) of the TEXAS INSURANCE CODE];

b.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

§541.060(a)(2) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(10)(ii) of the TEXAS INSURANCE CODE]; and

**State court action 0006**

c.    Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

§541.060(a)(4)(A) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(10)(v)(A) of the TEXAS INSURANCE CODE].

### XII.
### Cause of Action - Defendants Travelers Indemnity Company and Lorina Marshall
### Violations of Chapter 542, Subchapter B, of the TEXAS INSURANCE CODE
### [formerly ART. 21.21-2 and 21.55 of the TEXAS INSURANCE CODE]

At all times during the handling of Plaintiff's claim, Lorina Marshall was an employee of Allstate Insurance Company engaged in the business of insurance, who had the responsibility for the servicing of insurance policies, with special expertise in the evaluation and adjusting of insurance claims. Ms. Marshall is a person under the Texas Insurance Code.

Defendants' conduct, acts and omissions as herein described constitute violations of said Chapter, violations that were the producing cause of damages to Plaintiff, as follows:

a.    Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy.

§542.003(2) of the TEXAS INSURANCE CODE [formerly ART. 21.21-2, §2(b) of the TEXAS INSURANCE CODE];

b.    Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

§542.003(3) of the TEXAS INSURANCE CODE [formerly ART. 21.21-2, §2(c) of the TEXAS INSURANCE CODE];

c.    Not attempting in good faith to effect a prompt, fair and equitable settlement of a claim submitted in which liability has become reasonably clear.

§542.003(4) of the TEXAS INSURANCE CODE [formerly 21.21-2, §2(d) of the TEXAS INSURANCE CODE]; and

**State court action 0007**

d. compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

§542.003(5) of the TEXAS INSURANCE CODE [formerly ART. 21.21-2, §2(e) of the TEXAS INSURANCE CODE].

## XIII.
### Cause of Action - Defendants Travelers Indemnity Company and Lorina Marshall
### Violations of TEXAS DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT

Defendants' conduct, acts and omissions as herein before described constitute a violation of this Act, which was the producing cause of damages to Plaintiff. Specifically, Plaintiff alleges that Defendants' conduct violated the TEXAS DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT, as follows:

a. Making, issuing, or circulating or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

(1) the terms of the policy; or,

(2) the benefits or advantages promised by the policy.

§17.50(a)(4) of the TEXAS BUSINESS AND COMMERCE CODE, by and through §541.051(1) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(1) of the TEXAS INSURANCE CODE];

b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

§17.50(a)(4) of the TEXAS BUSINESS AND COMMERCE CODE, by and through §541.060(a)(2) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(10)(ii) of the TEXAS INSURANCE CODE]; and

State court action 0008

c.    Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder.

§17.50(a)(4) of the TEXAS BUSINESS AND COMMERCE CODE, by and through §541.060(a)(4)(A) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(10)(v)(A) of the TEXAS INSURANCE CODE].

Pleading further, Plaintiff alleges that, in addition to the aforementioned list of violations, the actions of Defendants constituted an "unconscionable action or course of action."

Further, the conduct of Defendants as described in this petition was committed knowingly. Defendants were actually aware, at the time of the conduct, of the falsity, deception, and unfairness of the conduct about which Plaintiff complains.

## XIV.
## Timing of Claims of Plaintiff

Defendants have already breached the duty of good faith and fair dealing owed to Plaintiff, and has already violated the Texas Insurance Code and Texas Deceptive Trade Practices Act provisions stated above. These breaches occurred at the time that Defendants ignored Plaintiff's claim and failed and/or refused to make a reasonable offer to settle the claim. Accordingly the breaches of the duty of good faith and fair dealing and the above referenced statutes have already occurred and liability for same has already attached.  It is anticipated Defendants will soon try to make additional token offers on this case, solely for the purpose of attempting to obtain a severance of the extra-contractual claims.  The breaches of the duty of good faith and fair dealing and the violations of the Texas Insurance Code/Insurance Contract/Texas Deceptive Trade Practices Act, however, have already occurred and any further actions are irrelevant in the imposition of liability under these theories, statutes, and contracts. Further, Plaintiff contends that if such token offers are made only to obtain a severance of the

**State court action 0009**

extra-contractual claims, that such offers in, and of themselves would be bad faith and a violation of the Texas Insurance Code.

## XV.
### Damages

Plaintiff alleges that as a direct and proximate result of the conduct, failures, refusals, breaches, negligent acts, and/or omissions of the Defendants, Plaintiff is entitled to recover at least the following damages:

a.     Reasonable and necessary health care expenses incurred in the past;

b.     Reasonable and necessary health care expenses which, in all reasonable probability, will be incurred in the future;

c.     Physical pain and suffering sustained in the past;

d.     Physical pain and suffering which, in all reasonable probability, will be endured in the future;

e.     Mental anguish suffered in the past;

f.     Mental anguish which, in all reasonable probability, will be suffered in the future;

g.     Physical impairment sustained in the past;

h.     Physical impairment which, in all reasonable probability, will be sustained in the future;

i.     Disfigurement which, in all reasonable probability, will be sustained in the future;

j.     Reasonable and necessary attorneys' fees;

k.     Costs of court;

l.     Pre-judgment and Post-judgment interest at the highest legal rate; and,

m.     All other relief to which Plaintiff shows herself to be entitled.

Said damages are of an amount within the Court's jurisdictional limits. The Court has subject matter jurisdiction over the case at bar because Plaintiff believes and alleges that he has

**State court action 0010**

been injured and that the resulting damages are of an amount within the jurisdictional limits of the Court; Plaintiff asks the amount of his verdict and damages be determined by a jury of his peers. Plaintiff asks the jury to award a fair and reasonable amount based on the evidence presented at trial. Plaintiff leaves the amount of that verdict to the discretion of the jury. The Texas Rules of Civil Procedure require Plaintiff to plead that her case falls under a particular category as outlined by the Texas Rules of Civil Procedure. In order to comply with this procedural requirement and to accommodate any potential verdict that could be awarded by a jury, Plaintiff hereby pleads and places his case into the category of suits seeking relief over $200,000.00 but not more than $1,000,000.00, including damages, penalties, costs, expenses, and pre-judgment interest. Plaintiff hereby further demands judgment for all relief to which he is entitled.

## XVI.
## Costs And Interest

It was necessary for Plaintiff to expend monies as the costs of court requisite to prosecute this cause of action. Therefore, an award of these costs to Plaintiff is authorized by:

    a.    Rule 131 of the Texas Rules of Civil Procedure;

    b.    §541.152(a)(1) of the Texas Insurance Code [formerly Art. 21.21, §16(b)(1) of the Texas Insurance Code];

    c.    §542.060 of the Texas Insurance Code [formerly Art. 21.55, §6 of the Texas Insurance Code];

    d.    §17.50(d) of the Texas Business and Commerce Code;

    e.    §31.007 of the Texas Civil Practice and Remedies Code; and/or,

    f.    Equity.

Plaintiff is entitled to pre-judgment interest pursuant to:

    a.    §§302.001 and 302.002 of the Texas Finance Code;

    b.    Contract by and between the parties; and/or,

**State court action 0011**

c.     Equity.

Plaintiff is entitled to post-judgment interest pursuant to:

a.     §§ 304.002 and 304.003 of the TEXAS FINANCE CODE;

b.     Contract by and between the parties; and/or,

c.     Equity.

## XVII.
### Attorney's Fees

It was necessary for Plaintiff to hire the attorneys whose names appear below for prosecution of these causes of action.   Therefore, an award of reasonable attorneys' fees is authorized by:

a.     §541.152 of the TEXAS INSURANCE CODE [formerly ART. 21.21, §16(b) of the TEXAS INSURANCE CODE];

b.     §542.060 of the TEXAS INSURANCE CODE [formerly ART. 21.55, §6 of the TEXAS INSURANCE CODE];

c.     §38.001 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE;

d.     §17.50(d) of the TEXAS BUSINESS AND COMMERCE CODE;

e.     By written contract by and between the parties; and/or,

f.     Equity.

Said attorney's fees should be taxed against Defendants as costs in this case, where allowed by law.   Further, such award is justified to include any appeals to all appellate courts.

## XVIII.
### Jury Request

Plaintiff respectfully requests the Court to order a trial on the merits by jury.  Plaintiff has deposited the jury fee with the clerk of this court and has, in all respects, complied with RULE 216 of the TEXAS RULES OF CIVIL PROCEDURE.

**State court action 0012**

## XIX.
### Requests For Disclosure

Under the authority of RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests Defendants to disclose, within 50 days of the service of this petition and request, the information or material described in RULE 194.2(a)-(l).

### PRAYER

WHEREFORE, Plaintiff prays that the Defendants be cited to appear and answer, and that on final trial, the Honorable Court render judgment in favor of the Plaintiff, to wit:

a.   Damages, actual, special, exemplary and otherwise, not to exceed the policy limits in question;

b.   All Costs of Court;

c.   Both pre-judgment and post-judgment interest at the maximum legal rate;

d.   Reasonable attorney's fees, with conditional sums for the services of Plaintiff's attorney in the event of subsequent appeals; and,

e.   For such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

DAVIS LAW FIRM
10500 Heritage Blvd., Ste. 102
San Antonio, Texas 78216
Telephone No: (210) 444-4444
Facsimile No: (210) 785-0806

BY: _____
J. SCOTT MECHLER
State Bar No. 24055952
smechler@jeffdavislawfirm.com

ATTORNEYS FOR PLAINTIFF

**State court action 0013**

# CIVIL CASE INFORMATION SHEET

2017CV01542                                    **CC# 10**

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED _____

*(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>J. Scott Mechler | Email:<br><br>smechler@joffdavislawfirm.con | Plaintiff(s)/Petitioner(s):<br><br>Albert F. Castaneda | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br><br>10500 Heritage Blvd. Ste 102 | Telephone:<br><br>210-444-4444 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>San Antonio, Texas 78216 | Fax:<br><br>210-785-0806 | Defendant(s)/Respondent(s):<br><br>Travelers Indemnity Company, and<br><br>Lorina Marshall | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br><br>*[signature]* | State Bar No:<br><br>24055952 | [<br>[Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-Judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | ☐Enforcement |
| *Debt/Contract* | ☐Assault/Battery | ☐Eminent Domain/ | ☐Annulment | ☐Modification—Custody |
| ☒Consumer/DTPA | ☐Construction | Condemnation | ☐Declare Marriage Void | ☐Modification—Other |
| ☐Debt/Contract | ☐Defamation | ☐Partition | *Divorce* | |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Quiet Title | ☐With Children | **Title IV-D** |
| ☐Other Debt/Contract: | ☐Accounting | ☐Trespass to Try Title | ☐No Children | ☐Enforcement/Modification |
| _Breach of Contract_ | ☐Legal | ☐Other Property: | | ☐Paternity |
| *Foreclosure* | ☐Medical | | | ☐Reciprocals (UIFSA) |
| ☐Home Equity—Expedited | ☐Other Professional | | | ☐Support Order |
| ☐Other Foreclosure | Liability: | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐Franchise | | ☐Expunction | ☐Enforce Foreign | ☐Adoption/Adoption with |
| ☐Insurance | ☐Motor Vehicle Accident | ☐Judgment Nisi | Judgment | Termination |
| ☐Landlord/Tenant | ☐Premises | ☐Non-Disclosure | ☐Habeas Corpus | ☐Child Protection |
| ☐Non-Competition | *Product Liability* | ☐Seizure/Forfeiture | ☐Name Change | ☐Child Support |
| ☐Partnership | ☐Asbestos/Silica | ☐Writ of Habeas Corpus— | ☐Protective Order | ☐Custody or Visitation |
| ☐Other Contract: | ☐Other Product Liability | Pre-indictment | ☐Removal of Disabilities | ☐Gestational Parenting |
| | List Product: | ☐Other: | of Minority | ☐Grandparent Access |
| | | | ☐Other: | ☐Parentage/Paternity |
| | ☐Other Injury or Damage: | | | ☐Termination of Parental Rights |
| | | | | ☐Other Parent-Child |
| **Employment** | | **Other Civil** | | |
| ☐Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline | | |
| ☐Retaliation | ☐Antitrust/Unfair | ☐Perpetuate Testimony | | |
| ☐Termination | Competition | ☐Securities/Stock | | |
| ☐Workers' Compensation | ☐Code Violations | ☐Tortious Interference | | |
| ☐Other Employment | ☐Foreign Judgment | ☐Other: | | |
| | ☐Intellectual Property | | | |

| Tax | | Probate & Mental Health | |
|---|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult | |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor | |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health | |
| | ☐Other Estate Proceedings | ☐Other: | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

**State court action 0014**

PRIVATE PROCESS

"The State of Texas"                NO.   2017CV01542

ALBERT F CASTANEDA                                    IN THE COUNTY COURT AT
Plaintiff
vs.                                                   LAW NO.   10

TRAVELERS INDEMNITY COMPANY ET AL                     BEXAR COUNTY, TEXAS
Defendant                           NOTICE
**Citation** Directed to: TRAVELERS INDEMNITY COMPANY
BY SERVING ITS Registered Agent, CORPORATION SERVICE COMPANY
                211 E 7TH STREET STE 620
                AUSTIN, TX 78701


"You have been sued.  You may employ an attorney.  If you  or your attorney  do not
file a written answer with the  clerk  who  issued this citation  by  10:00 a.m.  on  the
Monday  next  following  the  expiration  of  twenty days  after  you  were served this
citation and petition, a default judgment may be taken against you."    Said   petition
was filed on the   10TH   day of_____March_____, 2017 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  16TH  DAY OF   March
A.D., 2017 .

                                          GERARD RICKHOFF
                                          County Clerk of Bexar County, Texas
                                          Bexar County Courthouse
                                          100 Dolorosa Suite 104
JAMES SCOTT MECHLER                        San Antonio, Texas 78205
Attorney/PLAINTIFF
address 10500 HERITAGE BLVD 102           By:_____Deputy
       SAN ANTONIO, TX 78216                  JACOBO REYES-MARCHENA
3-20-17    Gerry Vdgun
                                   OFFICER'S RETURN
Came to hand_____day of_____,A.D. _____, at_____o'clock_____.M.
and executed the_____day of_____,A.D. _____, in_____
at_____o'clock_____.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at_____

I traveled_____miles in the execution of this citation. fees:   Serving citation
$               Mileage          Total $

_____County, Texas
                                   By_____

The State of Texas                 NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO this_____day of_____, _____.

2017CV01542                                           **State court action 0015**
(DKC001)          NOTARY PUBLIC,  STATE OF TEXAS
                                                      FILE COPY

PRIVATE PROCESS

"The State of Texas"          NO.   2017CV01542

FILED IN MY OFFICE
GERARD RICKHOFF
COUNTY CLERK BEXAR CO.

ALBERT F CASTANEDA
Plaintiff
VS.

2017 MAR 24  AM 9:02

IN THE COUNTY COURT AT

LAW NO.   10

BEXAR COUNTY, TEXAS

TRAVELERS INDEMNITY COMPANY ET AL
Defendant                    NOTICE
Citation Directed to: TRAVELERS INDEMNITY COMPANY
BY SERVING ITS Registered Agent, CORPORATION SERVICE COMPANY
211 E 7TH STREET STE 620
AUSTIN, TX 78701

"You have been sued.  You may employ an attorney.  If you  or your  attorney  do not
file a written answer with the  clerk who  issued this citation   by 10:00 a.m.  on  the
Monday  next  following  the  expiration  of  twenty days  after  you  were served this
citation and petition, a default judgment may be taken against you."     Said   petition
was filed on the   10TH  day of_____March_____, 2017 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  16TH  DAY OF  _March_____
A.D., 2017   .

GERARD RICKHOFF
County Clerk of Bexar County, Texas
Bexar County Courthouse
100 Dolorosa Suite 104
San Antonio, Texas  78205

JAMES SCOTT MECHLER
Attorney/PLAINTIFF
address  10500 HERITAGE BLVD 102
          SAN ANTONIO, TX 78216

By_____Deputy
    JACOBO REYES-MARCHENA

OFFICER'S RETURN
Came to hand 22ᴺᴰ day of  March  ,A.D. 2017 , at  7:06 o'clock   P  .M.
and executed the 23ʳᵈ day of  March  ,A.D. 2017 , in  Travis County
at  1:40  o'clock P .M. by delivering to Travelers Indemnity Company/Corporation Service Corp,
in person a true copy of this citation together with the accompanying copy of plaintiff's Six Vertress
petition.  Served at 211 E. 7th St. Ste. 620 Austin, TX 78701

I traveled          miles in the execution of this citation. fees:          Serving citation
$          Mileage          Total $

SCH9196          County, Texas
By  Paul B. Logan

The State of Texas

NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO this  24  day of  Mar  , 2017 .

_____
NOTARY PUBLIC, STATE OF TEXAS

CHERYL J. LOGAN
State of Texas
Comm Expires 01-2020
Notary ID 388011

2017CV01542
(DKC001)

PRIVATE PROCESS

"The State of Texas"                 NO. 2017CV01542

ALBERT F CASTANEDA                                    IN THE COUNTY COURT AT
Plaintiff
vs.                                                   LAW NO. 10

TRAVELERS INDEMNITY COMPANY ET AL                     BEXAR COUNTY, TEXAS
Defendant
                                    NOTICE
Citation Directed to: TRAVELERS INDEMNITY COMPANY
BY SERVING ITS Registered Agent, CORPORATION SERVICE COMPANY
              211 E 7TH STREET STE 620
              AUSTIN, TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not
file a written answer with the clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you." Said petition
was filed on the 10TH day of March , 2017 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 16TH DAY OF March
A.D.,2017 .

                                                GERARD RICKHOFF
                                                County Clerk of Bexar County, Texas
                                                Bexar County Courthouse
                                                100 Dolorosa Suite 104
  JAMES SCOTT MECHLER                           San Antonio, Texas 78205
Attorney/PLAINTIFF
address 10500 HERITAGE BLVD 102
        SAN ANTONIO, TX 78216                   By                              Deputy
                                                   JACOBO REYES-MARCHENA

_____
                              OFFICER'S RETURN

Came to hand____day of_____,A.D._____, at_____o'clock_____.M.
and executed the 23 day of March_____,A.D. 2017 , in_____
at_____o'clock___.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at_____

I traveled_____miles in the execution of this citation. fees:     Serving citation
$               Mileage      Total $

                                                               _____County, Texas
                                          By_____
The State of Texas

                              NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO this_____day of_____,_____.

2017CV01542
(DKC001)               NOTARY PUBLIC, STATE OF TEXAS     State court action 0017
                                                              ORIGINAL

E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date: 3/13/2017 9:36:05 AM
Accepted By: Allison Humes
/s/ Allison Humes
Deputy Clerk

CAUSE NO. <u>2017CV01542</u>

| | | |
|---|---|---|
| ALBERT F. CASTANEDA | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| V. | § | AT LAW NO. <u>CC# 10</u> |
| | § | |
| TRAVELERS INDEMNITY COMPANY; | § | |
| AND LORINA MARSHALL | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ALBERT F. CASTANEDA, Plaintiff, and complains of TRAVELERS INDEMNITY COMPANY and LORINA MARSHALL, Defendants, and for cause of action respectfully shows as follows:

### I.
### Discovery

Plaintiff ALBERT F. CASTANEDA affirmatively pleads that discovery should be conducted under Level 2 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### Parties

Plaintiff, ALBERT F. CASTANEDA, is an individual whose address is 3131 Jane Ellen Street, San Antonio, Texas 78237, and will hereinafter be referred to as "PLAINTIFF." The last three numbers of Albert F. Castaneda's social security number are 513.

Defendant, TRAVELERS INDEMNITY COMPANY (hereinafter "Travelers" or collectively "Defendants"), is a corporation chartered by The State of Texas and licensed by the Texas Department of Insurance. Defendant TRAVELERS INDEMNITY COMPANY may be served with process upon its registered agent for service at: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Service of process is requested by private process as authorized by this Court.

Defendant, LORINA MARSHALL, is an individual employed by and acting on behalf of

Page 1

Defendant Travelers Indemnity Company and is a resident of the state of Texas. This Defendant may be served with process at the following address: 8711 N. Freeport Pkwy., C 3, Houston, Texas 77242-2927, or wherever she may be found. Service of process is requested by private process as authorized by this Court.

### III.
### Misnomer/Alter-Ego

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### IV.
### Venue

Venue is properly had in Bexar County, Texas pursuant to the general venue provision of §15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, in that all or a substantial part of the events or omissions giving rise to this cause of action occurred in Bexar County, Texas; and pursuant to the permissive venue provision of §15.032 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, in that this is a suit on a policy brought against an accident insurance company, wherein the underlying loss forming basis of this cause of action occurred in Bexar County, Texas.

### V.
### Jurisdiction

In Personam:   The Court has *in personam* jurisdiction over Travelers Indemnity Company because Defendant is chartered by The State of Texas and is therefore a resident of The State of Texas; and/or Defendant is a domestic corporation licensed in and by The State of Texas and have a principal office within The State of Texas; and/or because Defendant purposefully availed itself of the privilege of conducting activities within The State of Texas; and/or because Defendant purposefully established more than minimum contacts with The State of Texas by conducting and/or doing business within The State of Texas.

State court action 0019

Subject Matter:  The Court has subject matter jurisdiction over the case at bar because the Plaintiff believes and alleges that she has been injured and that the resulting damages are of an amount within the jurisdictional limits of the Court.

## VI.
### Standing

On November 6, 2015, Plaintiff was driving a company vehicle owed and maintained by Maruti Transit Group. As Plaintiff was traveling southbound on IH-35 in San Antonio, Texas, he was struck by Christopher Arguijo (a non-party to this suit).  As a result of the negligence of under-insured motorist Christopher Arguijo (a non-party to this suit), Plaintiff sustained bodily injuries.

At such time there existed a contract in the form of a policy of insurance by and between Defendant Travelers Indemnity Company, as insurer for Maruti Transit Group. This policy covered losses attributable to the ownership, maintenance or use of a vehicle by an uninsured/underinsured motorist.  Defendants' failure to perform under the policy of insurance contract, and pursuant to applicable law, creates standing for Plaintiff to bring this instant cause of actions.  The factual allegations below establish that Plaintiff has a cause of action against under-insured motorist Christopher Arguijo (a non-party to this suit) and thus by consequence has a cause of action against the Defendants herein.

## VII.
### Conditions Precedent

Plaintiff asserts that all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the cause of action at bar.  Alternatively, to the extent any conditions have not been met, failure to meet said conditions, if any, has not prejudiced Defendants.

State court action 0020

## VIII.
### Factual Allegations

On November 6, 2015, Plaintiff was lawfully operating his motor vehicle and was traveling southbound on IH-35 in San Antonio, Bexar County, Texas. As Plaintiff was traveling on IH-35 he had to come to stop due to traffic ahead of him. Christopher Arguijo (a non-party to this suit) was also driving his vehicle on IH-35 behind Plaintiff's vehicle, when suddenly and without warning Christopher Arguijo failed to control his vehicle and rear-ended Plaintiff's vehicle. By failing to stop Christopher Arguijo failed to yield the way of right to Plaintiff and negligently collided into Plaintiff's vehicle. The collision was caused by the negligence of Christopher Arguijo.  As a result of the negligence of under-insured motorist Christopher Arguijo, Plaintiff sustained bodily injuries.  Plaintiff was caused to suffer serious and permanent injuries and damages, which far exceeded the amount of the liability insurance available. Plaintiff settled a claim for liability coverage and payment with Christopher Arguijo's insurance company.   Mr. Arguijo's carrier carried liability limits of only $30,000.00 and tendered $30,000.00 to settle this claim with Plaintiff.

Plaintiff also timely filed a claim for underinsured motorist coverage with Defendant Travelers.  Unfortunately, claims representative Lorina Marshall was assigned to Plaintiff's claim.  Lorina Marshall on behalf and while in the course and scope of her employment with Travelers was responsible for the evaluation and handling of the underinsured motorist claims.

Permission to settle the liability claim as well as a request for the underinsured motorist coverage was sent to Travelers on February 5, 2016. Plaintiff's medical bills far exceed the amount of the minimum policy that was tendered and the amounts offered by Progressive Insurance.  Plaintiff's demand letter detailed not only the care that he had as a result of the wreck but also the care that has been recommended for the future. Plaintiff has attempted to get Travelers Indemnity Company to place additional money toward the claim under the contract of

State court action 0021

the underinsured motorist coverage and act according to its terms and according to governing law with respect to the Plaintiff. Defendants have ultimately failed to meet this responsibility. Defendants have failed and refused, and still fail and refuse to perform and pay the Plaintiff for the benefits to which he is entitled under the terms of the contract outlining the policy provisions between the Plaintiff and Travelers.

Lorina Marshall acting on behalf of Travelers has refused to consider the medical bills over the amount of the policy limits that were tendered and have refused to consider the additional medical treatment that has been recommended and documented for the Plaintiff. Lorina Marshall was acting as the agent for Travelers and within the course and scope of her employment with Travelers. This adjuster's conduct can only be characterized as incompetent and intentional. Either way, the actions of Lorina Marshall while in the course and scope of her employment for Travelers was ratified by the company.

### IX.
### Breach of Contract - Defendant Travelers Indemnity Company

Defendant Travelers Indemnity Company is liable for breach of the underinsured motorist provision of the policy contract. Travelers Indemnity Company has a legal obligation to pay insurance benefits that fairly compensate Plaintiff, but despite various demands, has failed and/or refused to do so. Traveler Indemnity Company has been given all items necessary to evaluate this claim. Such failure(s) and/or refusal(s) constitute a breach of its contract and said breach has directly resulted in damages to Plaintiff.

### X.
### Cause of Action – Defendant Travelers Indemnity Company
### Breach of the Common Law Duty of Good Faith and Fair Dealing

Defendant Travelers Indemnity Company breached its duty of good faith and fair dealing in relation to Plaintiff's claim by failing and/or refusing to settle this matter for the amount of money necessary to properly compensate Plaintiff for his damages, despite ample evidence that

State court action 0022

the worth of the claim exceeded all applicable insurance coverages and ample opportunity to settle. In addition, Defendant has failed to attempt to effectuate a proper settlement in good faith after liability had become reasonably clear. Said breach was a proximate cause of damages to Plaintiff.

## XI.
### Cause of Action- Defendants Travelers Indemnity Company and Lorina Marshall
### Violations of Chapter 541 of the TEXAS INSURANCE CODE
### [formerly ART. 21.21 of the TEXAS INSURANCE CODE]

At all times during the handling of Plaintiff's claim, Lorina Marshall was an employee of Travelers Insurance Company engaged in the business of insurance, who had the responsibility for the servicing of insurance policies, with special expertise in the evaluation and adjusting of insurance claims. Ms. Marshall is a person under the Texas Insurance Code.

Defendants' conduct, acts and omissions as herein described constitute violations of said Chapter, violations that were the producing cause of damages to Plaintiff, as follows:

a.   Making, issuing, or circulating or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

(1)   the terms of the policy; or,

(2)   the benefits or advantages promised by the policy.

§541.051(1) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(1) of the TEXAS INSURANCE CODE];

b.   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

§541.060(a)(2) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(10)(ii) of the TEXAS INSURANCE CODE]; and

**State court action 0023**

c.      Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

§541.060(a)(4)(A) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(10)(v)(A) of the TEXAS INSURANCE CODE].

### XII.
### Cause of Action – Defendants Travelers Indemnity Company and Lorina Marshall
### Violations of Chapter 542, Subchapter B, of the TEXAS INSURANCE CODE
### [formerly ART. 21.21-2 and 21.55 of the TEXAS INSURANCE CODE]

At all times during the handling of Plaintiff's claim, Lorina Marshall was an employee of Allstate Insurance Company engaged in the business of insurance, who had the responsibility for the servicing of insurance policies, with special expertise in the evaluation and adjusting of insurance claims. Ms. Marshall is a person under the Texas Insurance Code.

Defendants' conduct, acts and omissions as herein described constitute violations of said Chapter, violations that were the producing cause of damages to Plaintiff, as follows:

a.      Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy.

§542.003(2) of the TEXAS INSURANCE CODE [formerly ART. 21.21-2, §2(b) of the TEXAS INSURANCE CODE];

b.      Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

§542.003(3) of the TEXAS INSURANCE CODE [formerly ART. 21.21-2, §2(c) of the TEXAS INSURANCE CODE];

c.      Not attempting in good faith to effect a prompt, fair and equitable settlement of a claim submitted in which liability has become reasonably clear.

§542.003(4) of the TEXAS INSURANCE CODE [formerly 21.21-2, §2(d) of the TEXAS INSURANCE CODE]; and

State court action 0024

d.      compelling a policyholder to institute a suit to recover an amount due under a

policy by offering substantially less than the amount ultimately recovered in a suit

brought by the policyholder.

§542.003(5) of the TEXAS INSURANCE CODE [formerly ART. 21.21-2, §2(e) of the TEXAS

INSURANCE CODE].

### XIII.
### Cause of Action – Defendants Travelers Indemnity Company and Lorina Marshall
### Violations of TEXAS DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT

Defendants' conduct, acts and omissions as herein before described constitute a violation

of this Act, which was the producing cause of damages to Plaintiff.  Specifically, Plaintiff alleges

that Defendants' conduct violated the TEXAS DECEPTIVE TRADE PRACTICES - CONSUMER

PROTECTION ACT, as follows:

a.      Making, issuing, or circulating or causing to be made, issued, or circulated an

estimate, illustration, circular, or statement misrepresenting with respect to a policy

issued or to be issued:

(1)      the terms of the policy; or,

(2)      the benefits or advantages promised by the policy.

§17.50(a)(4) of the TEXAS BUSINESS AND COMMERCE CODE, by and through §541.051(1)

of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(1) of the TEXAS INSURANCE

CODE];

b.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable

settlement of a claim with respect to which the insurer's liability has become reasonably

clear.

§17.50(a)(4) of the TEXAS BUSINESS AND COMMERCE CODE, by and through

§541.060(a)(2) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(10)(ii) of the

TEXAS INSURANCE CODE]; and

**State court action 0025**

c.      Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder.

§17.50(a)(4) of the TEXAS BUSINESS AND COMMERCE CODE, by and through §541.060(a)(4)(A) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(10)(v)(A) of the TEXAS INSURANCE CODE].

Pleading further, Plaintiff alleges that, in addition to the aforementioned list of violations, the actions of Defendants constituted an "unconscionable action or course of action."

Further, the conduct of Defendants as described in this petition was committed knowingly. Defendants were actually aware, at the time of the conduct, of the falsity, deception, and unfairness of the conduct about which Plaintiff complains.

## XIV.
### Timing of Claims of Plaintiff

Defendants have already breached the duty of good faith and fair dealing owed to Plaintiff, and has already violated the Texas Insurance Code and Texas Deceptive Trade Practices Act provisions stated above. These breaches occurred at the time that Defendants ignored Plaintiff's claim and failed and/or refused to make a reasonable offer to settle the claim. Accordingly the breaches of the duty of good faith and fair dealing and the above referenced statutes have already occurred and liability for same has already attached. It is anticipated Defendants will soon try to make additional token offers on this case, solely for the purpose of attempting to obtain a severance of the extra-contractual claims. The breaches of the duty of good faith and fair dealing and the violations of the Texas Insurance Code/Insurance Contract/Texas Deceptive Trade Practices Act, however, have already occurred and any further actions are irrelevant in the imposition of liability under these theories, statutes, and contracts. Further, Plaintiff contends that if such token offers are made only to obtain a severance of the

State court action 0026

extra-contractual claims, that such offers in and of themselves would be bad faith and a violation of the Texas Insurance Code.

## XV.
### Damages

Plaintiff alleges that as a direct and proximate result of the conduct, failures, refusals, breaches, negligent acts, and/or omissions of the Defendants, Plaintiff is entitled to recover at least the following damages:

a.   Reasonable and necessary health care expenses incurred in the past;

b.   Reasonable and necessary health care expenses which, in all reasonable probability, will be incurred in the future;

c.   Physical pain and suffering sustained in the past;

d.   Physical pain and suffering which, in all reasonable probability, will be endured in the future;

e.   Mental anguish suffered in the past;

f.   Mental anguish which, in all reasonable probability, will be suffered in the future;

g.   Physical impairment sustained in the past;

h.   Physical impairment which, in all reasonable probability, will be sustained in the future;

i.   Disfigurement which, in all reasonable probability, will be sustained in the future;

j.   Reasonable and necessary attorneys' fees;

k.   Costs of court;

l.   Pre-judgment and Post-judgment interest at the highest legal rate; and,

m.   All other relief to which Plaintiff shows herself to be entitled.

Said damages are of an amount within the Court's jurisdictional limits. The Court has subject matter jurisdiction over the case at bar because Plaintiff believes and alleges that he has

**State court action 0027**

been injured and that the resulting damages are of an amount within the jurisdictional limits of the Court; Plaintiff asks the amount of his verdict and damages be determined by a jury of his peers. Plaintiff asks the jury to award a fair and reasonable amount based on the evidence presented at trial. Plaintiff leaves the amount of that verdict to the discretion of the jury. The Texas Rules of Civil Procedure require Plaintiff to plead that her case falls under a particular category as outlined by the Texas Rules of Civil Procedure. In order to comply with this procedural requirement and to accommodate any potential verdict that could be awarded by a jury. Plaintiff hereby pleads and places his case into the category of suits seeking relief over $200,000.00 but not more than $1,000,000.00, including damages, penalties, costs, expenses, and pre-judgment interest. Plaintiff hereby further demands judgment for all relief to which he is entitled.

## XVI.
## Costs And Interest

It was necessary for Plaintiff to expend monies as the costs of court requisite to prosecute this cause of action. Therefore, an award of these costs to Plaintiff is authorized by:

    a.    Rule 131 of the TEXAS RULES OF CIVIL PROCEDURE;

    b.    §541.152(a)(1) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §16(b)(1) of the TEXAS INSURANCE CODE];

    c.    §542.060 of the TEXAS INSURANCE CODE [formerly ART. 21.55, §6 of the TEXAS INSURANCE CODE];

    d.    §17.50(d) of the TEXAS BUSINESS AND COMMERCE CODE;

    e.    §31.007 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE; and/or,

    f.    Equity.

Plaintiff is entitled to pre-judgment interest pursuant to:

    a.    §§302.001 and 302.002 of the TEXAS FINANCE CODE;

    b.    Contract by and between the parties; and/or,

State court action 0028

c.    Equity.

Plaintiff is entitled to post-judgment interest pursuant to:

a.    §§ 304.002 and 304.003 of the TEXAS FINANCE CODE;

b.    Contract by and between the parties; and/or,

c.    Equity.

## XVII.
## Attorney's Fees

It was necessary for Plaintiff to hire the attorneys whose names appear below for prosecution of these causes of action.   Therefore, an award of reasonable attorneys' fees is authorized by:

a.    §541.152 of the TEXAS INSURANCE CODE [formerly ART. 21.21, §16(b) of the TEXAS INSURANCE CODE];

b.    §542.060 of the TEXAS INSURANCE CODE [formerly ART. 21.55, §6 of the TEXAS INSURANCE CODE];

c.    §38.001 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE;

d.    §17.50(d) of the TEXAS BUSINESS AND COMMERCE CODE;

e.    By written contract by and between the parties; and/or,

f.    Equity.

Said attorney's fees should be taxed against Defendants as costs in this case, where allowed by law.   Further, such award is justified to include any appeals to all appellate courts.

## XVIII.
## Jury Request

Plaintiff respectfully requests the Court to order a trial on the merits by jury.   Plaintiff has deposited the jury fee with the clerk of this court and has, in all respects, complied with RULE 216 of the TEXAS RULES OF CIVIL PROCEDURE.

**State court action 0029**

## XIX.
### Requests For Disclosure

Under the authority of RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests Defendants to disclose, within 50 days of the service of this petition and request, the information or material described in RULE 194.2(a)-(l).

### PRAYER

WHEREFORE, Plaintiff prays that the Defendants be cited to appear and answer, and that on final trial, the Honorable Court render judgment in favor of the Plaintiff, to wit:

a.    Damages, actual, special, exemplary and otherwise, not to exceed the policy limits in question;

b.    All Costs of Court;

c.    Both pre-judgment and post-judgment interest at the maximum legal rate;

d.    Reasonable attorney's fees, with conditional sums for the services of Plaintiff's attorney in the event of subsequent appeals; and,

e.    For such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

DAVIS LAW FIRM
10500 Heritage Blvd., Ste. 102
San Antonio, Texas 78216
Telephone No: (210) 444-4444
Facsimile No: (210) 785-0806

BY: _____
J. SCOTT MECHLER
State Bar No. 24055952
smechler@jeffdavislawfirm.com

ATTORNEYS FOR PLAINTIFF

State court action 0030

PRIVATE PROCESS

"The State of Texas"                    NO.   2017CV01542

ALBERT F CASTANEDA                                    IN THE COUNTY COURT AT
Plaintiff
Vs.                                                   LAW NO.   10

TRAVELERS INDEMNITY COMPANY ET AL                     BEXAR COUNTY, TEXAS
Defendant
                                      NOTICE
**Citation** Directed to: LORINA MARSHALL
                          8711 N FREEPORT PKWY C 3
                          HOUSTON, TX 77242

"You have been sued.  You may employ an attorney.  If you  or your  attorney  do not
file a written answer with the  clerk  who  issued this citation  by 10:00 a.m.  on  the
Monday next following the  expiration of twenty days after  you  were served this
citation and petition, a default judgment may be taken against you."    Said   petition
was filed on the   10TH   day of_____March_____, 2017 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  16TH  DAY OF   March
A.D., 2017 .

                                                      GERARD RICKHOFF
                                                      County Clerk of Bexar County, Texas
                                                      Bexar County Courthouse
                                                      100 Dolorosa Suite 104
JAMES SCOTT MECHLER                                   San Antonio, Texas  78205
Attorney/PLAINTIFF
address 10500 HERITAGE BLVD 102
        SAN ANTONIO, TX 78216                         By:_____Deputy

3-20-17  Gerry Videovi                                JACOBO REYES-MARCHENA

                              OFFICER'S RETURN

Came to hand_____day of_____,A.D. _____, at_____o'clock_____.M.
and executed the_____day of_____,A.D. _____, in_____
at_____o'clock___.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at_____

I traveled            miles in the execution of this citation. fees:    Serving citation
$            Mileage        Total $

                                                      _____
                                                                         County, Texas
                                              By_____
The State of Texas

                              NON - PEACE OFFICER VERIFICATION
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO this_____ day of_____, _____.

2017CV01542                                           **State court action 0031**
(DKC001)                 _____
                         NOTARY PUBLIC,  STATE OF TEXAS          FILE COPY

CAUSE NO. 2017CV01542

| | | |
|---|---|---|
| ALBERT F. CASTANEDA | § | IN THE C0UNTY COURT |
| | § | |
| vs. | § | AT LAW NO. 10 |
| | § | |
| | § | |
| TRAVELERS INDEMNITY COMPANY | § | |
| AND LORINA MARSHALL | § | BEXAR COUNTY, TEXAS |

## ORDER FOR SUBSTITUTE SERVICE

On the Motion presented and the affidavit attached from DAVILA CIVIL PROCESS,

A PROCESS SERVER stating the location of the Defendant's usual place of employment or other

place where LORINA MARSHALL, the Defendant, can be found and stating specifically the facts

showing that service has been attempted under T.R.C.P., RULE 106 (a) (1) will be reasonably

effective to give the Defendant notice of this suit by:

__X__ delivering a true copy of the citation and petition attached, to anyone over 16 years of age at the address specified in the attached affidavit of the diligence.

_____ attaching a true copy of the citation and petition securely to the front door at the address specified in the attached affidavit of due diligence

_____ serving a true copy of the citation and petition to the TEXAS SECRETARY OF STATE

_____ publication in the newspapers

It is further ordered that the agent of DAVILA CIVIL PROCESS, A CIVIL PROCESS

SERVER to make due return in accordance with the T.R.C.P., RULE 107.

SIGNED THIS ___6___ DAY OF _____, 2017.

_____
PRESIDING JUDGE

PRIVATE PROCESS

"The State of Texas"                NO. _2017CV01542_____

ALBERT F CASTANEDA_____          IN THE COUNTY COURT AT
Plaintiff
VS.                                             LAW NO. _10_____

TRAVELERS INDEMNITY COMPANY ET AL___            BEXAR COUNTY, TEXAS
Defendant                          NOTICE
**Citation** Directed to: LORINA MARSHALL
                8711 N FREEPORT PKWY C 3
                HOUSTON, TX 77242

"You have been sued.  You may employ an attorney.  If you or your attorney do not
file a written answer with the clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you."   Said  petition
was filed on the _10TH_ day of ____March_____, _2017__.
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS _16TH_ DAY OF _March_____
A.D., _2017__.

                                      GERARD RICKHOFF
                                      County Clerk of Bexar County, Texas
                                      Bexar County Courthouse
                                      100 Dolorosa Suite 104
  JAMES SCOTT MECHLER_____      San Antonio, Texas 78205
Attorney/PLAINTIFF
address 10500 HERITAGE BLVD 102
       SAN ANTONIO, TX 78216          By:_____Deputy
                                      JACOBO REYES-MARCHENA

_____
                          OFFICER'S RETURN

Came to hand_____day of_____,A.D. _____, at_____o'clock_____.M.
and executed the_____day of_____,A.D. _____, in_____
at_____o'clock____.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at_____

I traveled_____miles in the execution of this citation. fees:     Serving citation
$_____Mileage_____Total $_____         _____

                                      _____County, Texas
The State of Texas                    By_____

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)    NON - PEACE OFFICER VERIFICATION

SWORN TO this_____day of_____, _____.

2017CV01542                           _____
(DKC001)                              NOTARY PUBLIC,  STATE OF TEXAS        State court section 0033

E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date: 3/13/2017 9:36:05 AM
Accepted By: Allison Humes/s/
/s/ Allison Humes
Deputy Clerk

CAUSE NO. 2017CV01542

| | | |
|---|---|---|
| **ALBERT F. CASTANEDA** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **V.** | § | **AT LAW NO.** CC# 10 |
| | § | |
| **TRAVELERS INDEMNITY COMPANY;** | § | |
| **AND LORINA MARSHALL** | § | **BEXAR COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, ALBERT F. CASTANEDA, Plaintiff, and complains of TRAVELERS INDEMNITY COMPANY and LORINA MARSHALL, Defendants, and for cause of action respectfully shows as follows:

**I.**
**Discovery**

Plaintiff ALBERT F. CASTANEDA affirmatively pleads that discovery should be conducted under Level 2 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**
**Parties**

Plaintiff, ALBERT F. CASTANEDA, is an individual whose address is 3131 Jane Ellen Street, San Antonio, Texas 78237, and will hereinafter be referred to as "PLAINTIFF." The last three numbers of Albert F. Castaneda's social security number are 513.

Defendant, TRAVELERS INDEMNITY COMPANY (hereinafter "Travelers" or collectively "Defendants"), is a corporation chartered by The State of Texas and licensed by the Texas Department of Insurance. Defendant TRAVELERS INDEMNITY COMPANY may be served with process upon its registered agent for service at: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Service of process is requested by private process as authorized by this Court.

Defendant, LORINA MARSHALL, is an individual employed by and acting on behalf of

Page 1

State Court action 0034

Defendant Travelers indemnity Company and is a resident of the state of Texas. This Defendant may be served with process at the following address: 8711 N. Freeport Pkwy., C 3, Houston, Texas 77242-2927, or wherever she may be found. Service of process is requested by private process as authorized by this Court.

### III.
### Misnomer/Alter-Ego

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### IV.
### Venue

Venue is properly had in Bexar County, Texas pursuant to the general venue provision of §15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, in that all or a substantial part of the events or omissions giving rise to this cause of action occurred in Bexar County, Texas; and pursuant to the permissive venue provision of §15.032 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, in that this is a suit on a policy brought against an accident insurance company, wherein the underlying loss forming basis of this cause of action occurred in Bexar County, Texas.

### V.
### Jurisdiction

In Personam:   The Court has *in personam* jurisdiction over Travelers Indemnity Company because Defendant is chartered by The State of Texas and is therefore a resident of The State of Texas; and/or Defendant is a domestic corporation licensed in and by The State of Texas and have a principal office within The State of Texas; and/or because Defendant purposefully availed itself of the privilege of conducting activities within The State of Texas; and/or because Defendant purposefully established more than minimum contacts with The State of Texas by conducting and/or doing business within The State of Texas.

Page 2

State court action 0035

Subject Matter:  The Court has subject matter jurisdiction over the case at bar because the Plaintiff believes and alleges that she has been injured and that the resulting damages are of an amount within the jurisdictional limits of the Court.

## VI.
## Standing

On November 6, 2015, Plaintiff was driving a company vehicle owed and maintained by Maruti Transit Group. As Plaintiff was traveling southbound on IH-35 in San Antonio, Texas, he was struck by Christopher Arguijo (a non-party to this suit).  As a result of the negligence of under-insured motorist Christopher Arguijo (a non-party to this suit), Plaintiff sustained bodily injuries.

At such time there existed a contract in the form of a policy of insurance by and between Defendant Travelers Indemnity Company, as insurer for Maruti Transit Group. This policy covered losses attributable to the ownership, maintenance or use of a vehicle by an uninsured/underinsured motorist.  Defendants' failure to perform under the policy of insurance contract, and pursuant to applicable law, creates standing for Plaintiff to bring this instant cause of actions.  The factual allegations below establish that Plaintiff has a cause of action against under-insured motorist Christopher Arguijo (a non-party to this suit) and thus by consequence has a cause of action against the Defendants herein.

## VII.
## Conditions Precedent

Plaintiff asserts that all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the cause of action at bar.  Alternatively, to the extent any conditions have not been met, failure to meet said conditions, if any, has not prejudiced Defendants.

State court action 0036

## VIII.
### Factual Allegations

On November 6, 2015, Plaintiff was lawfully operating his motor vehicle and was traveling southbound on IH-35 in San Antonio, Bexar County, Texas. As Plaintiff was traveling on IH-35 he had to come to stop due to traffic ahead of him. Christopher Arguijo (a non-party to this suit) was also driving his vehicle on IH-35 behind Plaintiff's vehicle, when suddenly and without warning Christopher Arguijo failed to control his vehicle and rear-ended Plaintiff's vehicle. By failing to stop Christopher Arguijo failed to yield the way of right to Plaintiff and negligently collided into Plaintiff's vehicle. The collision was caused by the negligence of Christopher Arguijo. As a result of the negligence of under-insured motorist Christopher Arguijo, Plaintiff sustained bodily injuries. Plaintiff was caused to suffer serious and permanent injuries and damages, which far exceeded the amount of the liability insurance available. Plaintiff settled a claim for liability coverage and payment with Christopher Arguijo's insurance company. Mr. Arguijo's carrier carried liability limits of only $30,000.00 and tendered $30,000.00 to settle this claim with Plaintiff.

Plaintiff also timely filed a claim for underinsured motorist coverage with Defendant Travelers. Unfortunately, claims representative Lorina Marshall was assigned to Plaintiff's claim. Lorina Marshall on behalf and while in the course and scope of her employment with Travelers was responsible for the evaluation and handling of the underinsured motorist claims.

Permission to settle the liability claim as well as a request for the underinsured motorist coverage was sent to Travelers on February 5, 2016. Plaintiff's medical bills far exceed the amount of the minimum policy that was tendered and the amounts offered by Progressive Insurance. Plaintiff's demand letter detailed not only the care that he had as a result of the wreck but also the care that has been recommended for the future. Plaintiff has attempted to get Travelers Indemnity Company to place additional money toward the claim under the contract of

State court action 0037

the underinsured motorist coverage and act according to its terms and according to governing law with respect to the Plaintiff. Defendants have ultimately failed to meet this responsibility. Defendants have failed and refused, and still fail and refuse to perform and pay the Plaintiff for the benefits to which he is entitled under the terms of the contract outlining the policy provisions between the Plaintiff and Travelers.

Lorina Marshall acting on behalf of Travelers has refused to consider the medical bills over the amount of the policy limits that were tendered and have refused to consider the additional medical treatment that has been recommended and documented for the Plaintiff. Lorina Marshall was acting as the agent for Travelers and within the course and scope of her employment with Travelers. This adjuster's conduct can only be characterized as incompetent and intentional. Either way, the actions of Lorina Marshall while in the course and scope of her employment for Travelers was ratified by the company.

## IX.
### Breach of Contract – Defendant Travelers Indemnity Company

Defendant Travelers Indemnity Company is liable for breach of the underinsured motorist provision of the policy contract. Travelers Indemnity Company has a legal obligation to pay insurance benefits that fairly compensate Plaintiff, but despite various demands, has failed and/or refused to do so. Traveler Indemnity Company has been given all items necessary to evaluate this claim. Such failure(s) and/or refusal(s) constitute a breach of its contract and said breach has directly resulted in damages to Plaintiff.

## X.
### Cause of Action – Defendant Travelers Indemnity Company
### Breach of the Common Law Duty of Good Faith and Fair Dealing

Defendant Travelers Indemnity Company breached its duty of good faith and fair dealing in relation to Plaintiff's claim by failing and/or refusing to settle this matter for the amount of money necessary to properly compensate Plaintiff for his damages, despite ample evidence that

State court action 0038

the worth of the claim exceeded all applicable insurance coverages and ample opportunity to

settle.  In addition, Defendant has failed to attempt to effectuate a proper settlement in good faith

after liability had become reasonably clear.  Said breach was a proximate cause of damages to

Plaintiff.

## XI.
### Cause of Action- Defendants Travelers Indemnity Company and Lorina Marshall
### Violations of Chapter 541 of the TEXAS INSURANCE CODE
### [formerly ART. 21.21 of the TEXAS INSURANCE CODE]

At all times during the handling of Plaintiff's claim, Lorina Marshall was an employee of

Travelers Insurance Company engaged in the business of insurance, who had the responsibility

for the servicing of insurance policies, with special expertise in the evaluation and adjusting of

insurance claims. Ms. Marshall is a person under the Texas Insurance Code.

Defendants' conduct, acts and omissions as herein described constitute violations of said

Chapter, violations that were the producing cause of damages to Plaintiff, as follows:

a.      Making, issuing, or circulating or causing to be made, issued, or circulated an

estimate, illustration, circular, or statement misrepresenting with respect to a policy

issued or to be issued:

(1)      the terms of the policy; or,

(2)      the benefits or advantages promised by the policy.

§541.051(1) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(1) of the TEXAS

INSURANCE CODE];

b.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable

settlement of a claim with respect to which the insurer's liability has become reasonably

clear.

§541.060(a)(2) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(10)(ii) of the

TEXAS INSURANCE CODE]; and

**State court action 0039**

c.      Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

§541.060(a)(4)(A) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(10)(v)(A) of the TEXAS INSURANCE CODE].

## XII.
### Cause of Action – Defendants Travelers Indemnity Company and Lorina Marshall Violations of Chapter 542, Subchapter B, of the TEXAS INSURANCE CODE [formerly ART. 21.21-2 and 21.55 of the TEXAS INSURANCE CODE]

At all times during the handling of Plaintiff's claim, Lorina Marshall was an employee of Allstate Insurance Company engaged in the business of insurance, who had the responsibility for the servicing of insurance policies, with special expertise in the evaluation and adjusting of insurance claims. Ms. Marshall is a person under the Texas Insurance Code.

Defendants' conduct, acts and omissions as herein described constitute violations of said Chapter, violations that were the producing cause of damages to Plaintiff, as follows:

a.      Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy.

§542.003(2) of the TEXAS INSURANCE CODE [formerly ART. 21.21-2, §2(b) of the TEXAS INSURANCE CODE];

b.      Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

§542.003(3) of the TEXAS INSURANCE CODE [formerly ART. 21.21-2, §2(c) of the TEXAS INSURANCE CODE];

c.      Not attempting in good faith to effect a prompt, fair and equitable settlement of a claim submitted in which liability has become reasonably clear.

§542.003(4) of the TEXAS INSURANCE CODE [formerly 21.21-2, §2(d) of the TEXAS INSURANCE CODE]; and

**State court action 0040**

d.      compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

§542.003(5) of the TEXAS INSURANCE CODE [formerly ART. 21.21-2, §2(e) of the TEXAS INSURANCE CODE].

### XIII.
### Cause of Action - Defendants Travelers Indemnity Company and Lorina Marshall
### Violations of TEXAS DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT

Defendants' conduct, acts and omissions as herein before described constitute a violation of this Act, which was the producing cause of damages to Plaintiff. Specifically, Plaintiff alleges that Defendants' conduct violated the TEXAS DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT, as follows:

a.      Making, issuing, or circulating or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

(1)     the terms of the policy; or,

(2)     the benefits or advantages promised by the policy.

§17.50(a)(4) of the TEXAS BUSINESS AND COMMERCE CODE, by and through §541.051(1) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(1) of the TEXAS INSURANCE CODE];

b.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

§17.50(a)(4) of the TEXAS BUSINESS AND COMMERCE CODE, by and through §541.060(a)(2) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(10)(ii) of the TEXAS INSURANCE CODE]; and

State court action 0041

c.      Failing within a reasonable time to affirm or deny coverage of a claim to a

policyholder.

§17.50(a)(4) of the TEXAS BUSINESS AND COMMERCE CODE, by and through

§541.060(a)(4)(A) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §4(10)(v)(A) of

the TEXAS INSURANCE CODE].

Pleading further, Plaintiff alleges that, in addition to the aforementioned list of violations,

the actions of Defendants constituted an "unconscionable action or course of action."

Further, the conduct of Defendants as described in this petition was committed

knowingly.  Defendants were actually aware, at the time of the conduct, of the falsity, deception,

and unfairness of the conduct about which Plaintiff complains.

## XIV.
### Timing of Claims of Plaintiff

Defendants have already breached the duty of good faith and fair dealing owed to

Plaintiff, and has already violated the Texas Insurance Code and Texas Deceptive Trade

Practices Act provisions stated above. These breaches occurred at the time that Defendants

ignored Plaintiff's claim and failed and/or refused to make a reasonable offer to settle the claim.

Accordingly the breaches of the duty of good faith and fair dealing and the above referenced

statutes have already occurred and liability for same has already attached.  It is anticipated

Defendants will soon try to make additional token offers on this case, solely for the purpose of

attempting to obtain a severance of the extra-contractual claims.   The breaches of the duty of

good faith and fair dealing and the violations of the Texas Insurance Code/Insurance

Contract/Texas Deceptive Trade Practices Act, however, have already occurred and any further

actions are irrelevant in the imposition of liability under these theories, statutes, and contracts.

Further, Plaintiff contends that if such token offers are made only to obtain a severance of the

State court action 0042

extra-contractual claims, that such offers in and of themselves would be bad faith and a violation of the Texas Insurance Code.

## XV.
### Damages

Plaintiff alleges that as a direct and proximate result of the conduct, failures, refusals, breaches, negligent acts, and/or omissions of the Defendants, Plaintiff is entitled to recover at least the following damages:

a.   Reasonable and necessary health care expenses incurred in the past;

b.   Reasonable and necessary health care expenses which, in all reasonable probability, will be incurred in the future;

c.   Physical pain and suffering sustained in the past;

d.   Physical pain and suffering which, in all reasonable probability, will be endured in the future;

e.   Mental anguish suffered in the past;

f.   Mental anguish which, in all reasonable probability, will be suffered in the future;

g.   Physical impairment sustained in the past;

h.   Physical impairment which, in all reasonable probability, will be sustained in the future;

i.   Disfigurement which, in all reasonable probability, will be sustained in the future;

j.   Reasonable and necessary attorneys' fees;

k.   Costs of court;

l.   Pre-judgment and Post-judgment interest at the highest legal rate; and,

m.   All other relief to which Plaintiff shows herself to be entitled.

Said damages are of an amount within the Court's jurisdictional limits. The Court has subject matter jurisdiction over the case at bar because Plaintiff believes and alleges that he has

State court action 0043

been injured and that the resulting damages are of an amount within the jurisdictional limits of the Court; Plaintiff asks the amount of his verdict and damages be determined by a jury of his peers. Plaintiff asks the jury to award a fair and reasonable amount based on the evidence presented at trial. Plaintiff leaves the amount of that verdict to the discretion of the jury. The Texas Rules of Civil Procedure require Plaintiff to plead that her case falls under a particular category as outlined by the Texas Rules of Civil Procedure. In order to comply with this procedural requirement and to accommodate any potential verdict that could be awarded by a jury. Plaintiff hereby pleads and places his case into the category of suits seeking relief over $200,000.00 but not more than $1,000,000.00, including damages, penalties, costs, expenses, and pre-judgment interest. Plaintiff hereby further demands judgment for all relief to which he is entitled.

## XVI.
## Costs And Interest

It was necessary for Plaintiff to expend monies as the costs of court requisite to prosecute this cause of action. Therefore, an award of these costs to Plaintiff is authorized by:

a.  Rule 131 of the TEXAS RULES OF CIVIL PROCEDURE;

b.  §541.152(a)(1) of the TEXAS INSURANCE CODE [formerly ART. 21.21, §16(b)(1) of the TEXAS INSURANCE CODE];

c.  §542.060 of the TEXAS INSURANCE CODE [formerly ART. 21.55, §6 of the TEXAS INSURANCE CODE];

d.  §17.50(d) of the TEXAS BUSINESS AND COMMERCE CODE;

e.  §31.007 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE; and/or,

f.  Equity.

Plaintiff is entitled to pre-judgment interest pursuant to:

a.  §§302.001 and 302.002 of the TEXAS FINANCE CODE;

b.  Contract by and between the parties; and/or,

Page 11

**State court action 0044**

c.      Equity.

Plaintiff is entitled to post-judgment interest pursuant to:

a.      §§ 304.002 and 304.003 of the TEXAS FINANCE CODE;

b.      Contract by and between the parties; and/or,

c.      Equity.

## XVII.
## Attorney's Fees

It was necessary for Plaintiff to hire the attorneys whose names appear below for prosecution of these causes of action.   Therefore, an award of reasonable attorneys' fees is authorized by:

a.      §541.152 of the TEXAS INSURANCE CODE [formerly ART. 21.21, §16(b) of the TEXAS INSURANCE CODE];

b.      §542.060 of the TEXAS INSURANCE CODE [formerly ART. 21.55, §6 of the TEXAS INSURANCE CODE];

c.      §38.001 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE;

d.      §17.50(d) of the TEXAS BUSINESS AND COMMERCE CODE;

e.      By written contract by and between the parties; and/or,

f.      Equity.

Said attorney's fees should be taxed against Defendants as costs in this case, where allowed by law.   Further, such award is justified to include any appeals to all appellate courts.

## XVIII.
## Jury Request

Plaintiff respectfully requests the Court to order a trial on the merits by jury.  Plaintiff has deposited the jury fee with the clerk of this court and has, in all respects, complied with RULE 216 of the TEXAS RULES OF CIVIL PROCEDURE.

State court action 0045

## XIX.
### Requests For Disclosure

Under the authority of RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests Defendants to disclose, within 50 days of the service of this petition and request, the information or material described in RULE 194.2(a)-(l).

### PRAYER

WHEREFORE, Plaintiff prays that the Defendants be cited to appear and answer, and that on final trial, the Honorable Court render judgment in favor of the Plaintiff, to wit:

a.    Damages, actual, special, exemplary and otherwise, not to exceed the policy limits in question;

b.    All Costs of Court;

c.    Both pre-judgment and post-judgment interest at the maximum legal rate;

d.    Reasonable attorney's fees, with conditional sums for the services of Plaintiff's attorney in the event of subsequent appeals; and

e.    For such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

DAVIS LAW FIRM
10500 Heritage Blvd., Ste. 102
San Antonio, Texas 78216
Telephone No: (210) 444-4444
Facsimile No: (210) 785-0806

BY:

J. SCOTT MECHLER
State Bar No. 24055952
smechler@jeffdavislawfirm.com

ATTORNEYS FOR PLAINTIFF

**State court action 0046**

CAUSE NO. 2017CV01542

ALBERT F. CASTANEDA                    §        IN THE COUNTY COURT

vs.                                    §
                                       §        AT LAW NO. 10
                                       §
TRAVELERS INDEMNITY COMPANY            §
AND LORINA MARSHALL                    §        BEXAR COUNTY, TEXAS

## ORDER FOR SUBSTITUTE SERVICE

On the Motion presented and the affidavit attached from DAVILA CIVIL PROCESS,

A PROCESS SERVER stating the location of the Defendant's usual place of employment or other

place where LORINA MARSHALL, the Defendant, can be found and stating specifically the facts

showing that service has been attempted under T.R.C.P., RULE 106 (a) (1) will be reasonably

effective to give the Defendant notice of this suit by:

__X__    delivering a true copy of the citation and petition attached, to anyone over 16 years of age at
         the address specified in the attached affidavit of the diligence.

_____    attaching a true copy of the citation and petition securely to the front door at the address
         specified in the attached affidavit of due diligence

_____    serving a true copy of the citation and petition to the TEXAS SECRETARY OF STATE

_____    publication in the newspapers

It is further ordered that the agent of DAVILA CIVIL PROCESS, A CIVIL PROCESS

SERVER to make due return in accordance with the T.R.C.P., RULE 107.

SIGNED THIS ___6___ DAY OF _____, 2017.

_____
PRESIDING JUDGE

**State court action 0047**

CAUSE NO. 2017CV01542

| | | |
|---|---|---|
| ALBERT F. CASTANEDA | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NO. 10 |
| | § | |
| | § | |
| TRAVELERS INDEMNITY COMPANY | § | |
| AND LORINA MARSHALL | § | BEXAR COUNTY, TEXAS |

## MOTION FOR SUBSTITUTE OF SERVICE
### TRCP 106 (b)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ALBERT F. CASTANEDA, Plaintiff in the above-numbered and entitled cause and would show and brings this Motion for Substitute of Service, under the T.R.C.P. Rule 106 (b), and in support hereof, shows the court the following:

### I.

The Original Citation and Petition on the named Defendant: LORINA MARSHALL has not been delivered because the agent of DAVILA CIVIL PROCESS, a civil process server has been unable to locate the Defendant at hers usual place of employment, as set forth in the affidavit and attachments hereto and made part of this motion for all purpose.

WHEREFORE, Plaintiff prays that service of process on the Defendant be authorized by:

__X__ delivering a true copy of the citation and petition attached, to anyone over 16 years of age at the address specified in the attached affidavit of the diligence.

_____ attaching a true copy of the citation and petition securely to the front door at the address specified in the attached affidavit of due diligence

_____ serving a true copy of the citation and petition to the TEXAS SECRETARY OF STATE

_____ publication in the newspapers

Which Plaintiff believes to be reasonable effective to give the Defendant notice of the suit.

**State court action 0048**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Albert F. Castaneda, prays that the Court enter an order granting this motion and allowing substitution of service on the Defendant Lorina Marshall, and for such other and further relief, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

DAVIS LAW FIRM
10500 Heritage Blvd., Ste. 102
San Antonio, Texas 78216
Telephone No.: (210) 444-4444
Facsimile No.: (210) 870-1561

By: _____
     J. Scott Mechler
     State Bar No. 24055952
Email: smechler@jeffdavislawfirm.com

ATTORNEYS FOR PLAINTIFF

**State court action 0049**

Cause No. 2017CV01542

| | | |
|---|---|---|
| **ALBERT F. CASTANEDA,**<br>**Plaintiff** | * <br> * <br> * | IN THE COUNTY COURT |
| **vs.** | * <br> * <br> * | AT LAW NO.  10 |
| **TRAVELERS INDEMNITY**<br>**COMPANY, ET AL.**<br>**Defendant** | * <br> * <br> * | BEXAR COUNTY, TEXAS |

## AFFIDAVIT IN SUPPORT OF
## MOTION FOR SUBSTITUTED SERVICE

In support of Plaintiff's attached motion for an order authorizing service of, citation herein, as prescribed by Rule 106 of the Texas Rules of Civil Procedure, the undersigned, being duly sworn, states as follows:

### I.

Citation for Lorina Marshall, in the above styled and numbered case, was delivered to the undersigned Affiant a duly qualified civil process server authorized to serve citations in Harris County, Texas pursuant to Rule 103 of the Texas Rules of Civil Procedure and Supreme Court of Texas Order. I am not a party to or interested in the outcome of this suit. I am not an employee of the attorney or his firm in this case. I am not a spouse of any of the parties to this case, or a spouse of any member of the attorney's firm in this case. I am not an employee of a party to this case. I also do not expect to be called as a witness in this case.

### II.

Defendant's place of employment is believed to be at 4650 Westway Park Blvd., Houston, Texas 77041.

### III.

I attempted to make personal service on the Defendant, Lorina Marshall, on the following occasions:

| DATE | TIME | ADDRESS | COMMENT |
|---|---|---|---|
| 03/25/17 | | 8711 N. Freeport Pkwy C3, Houston, Texas 77042 | This address was found to be invalid. |
| 03/28/17 | 3:18 PM | 4650 Westway Park Blvd., Houston, Texas 77041 | I attempted service and spoke with Irma, the receptionist, in suite 350 (for visitors), who said that Lorina was in a meeting and unavailable. I left a notification card with her to give to Ms. Marshall. |
| 03/29/17 | 1:40 PM | 4650 Westway Park Blvd., Houston, Texas 77041 | I attempted service and spoke with Irma who said that Lorina was working from home today and she didn't know when she will be back. Left another notification card with her. |

Page 1 of  2

IV.

For the reasons set forth above, it is impractical to secure personal service on Defendant, Lorina Marshall, and I will be unable to do so despite due diligence. Therefore, substituted service is necessary and I believe Lorina Marshall will receive effective notice of this suit by leaving copies of the citation and the attached petition with anyone over the age of sixteen (16) years at 4650 Westway Park Blvd., Houston, Texas 77041 or by attaching the citation with the petition attached, to either the front door, side door, back door, gate and/or fence of the residence and/or business located at 4650 Westway Park Blvd., Houston, Texas 77041.

V.

I have personal knowledge of the facts stated above, and they are true and correct.

Lisa G. Moberg, SCH #12076, Exp. 06/30/2019

SIGNED AND SWORN TO before me on _____ April 1 _____, 2017 .

JUSTIN W. SCHMICK
My Notary ID # 130697735
Expires June 13, 2020

Notary Public, State of Texas

State court action 0051

J.L

**2017CV01542**

E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date  4/11/2017 3 53 05 PM
Accepted By: Justin Longoria
/s/ Justin Longoria
Deputy Clerk

CAUSE NO. 2017CV01542

| | | |
|---|---|---|
| ALBERT F. CASTANEDA | § | IN THE COUNTY COURT |
|     Plaintiff | § | |
| | § | |
| vs. | § | AT LAW NO. 10 |
| | § | |
| TRAVELERS INDEMNITY COMPANY; | § | |
| AND LORINA MARSHALL | § | |
|     Defendants | § | BEXAR COUNTY, TEXAS |

## DEFENDANT THE TRAVELERS INDEMNITY COMPANY'S ORIGINAL ANSWER

COMES NOW Defendant **THE TRAVELERS INDEMNITY COMPANY** (incorrectly identified as "Travelers Indemnity Company" in Plaintiff's Original Petition) ("Defendant" or "Travelers" hereafter), and files its Original Answer, and in support thereof would show as follows:

1.    Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's pleadings filed herein, and demands strict proof thereof, as required by the laws of this State of persons or entities who bring suit as the Plaintiff did in the instant case.

2.    To the extent Plaintiff seeks recovery for medical bills, expenses, and services that were provided to Plaintiff, but which were never charged to Plaintiff or were charged to Plaintiff but thereafter written off with no expectation of payment, and therefore never paid or incurred by Plaintiff, Defendant contends that Plaintiff is not entitled to recover these amounts. Defendant is entitled to a credit for any offset or discount from fees for services; specifically, Plaintiff may only recover medical or healthcare expenses that the patient actually paid or that were incurred by or on the patient's behalf. TEX. CIV. PRAC. & REM. CODE § 41.0105.

**State court action 0052**

Submit Date  4/10/2017 2 58 42 PM

3.     Defendant further pleads that pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §18.091, and notwithstanding any other law, that if Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of pecuniary value, or loss of inheritance, then Plaintiff is required to present evidence to prove such losses in the form of a net loss after reduction for income tax purposes or unpaid tax liability pursuant to federal income tax laws.

4.     Defendant denies by verification under Rule 93(15) of the TEXAS RULES OF CIVIL PROCEDURE, the allegations on page 3 of Plaintiff's Original Petition contained within paragraph VII., titled "Conditions Precedent", that "all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the cause of action at bar." Plaintiff has failed to establish that he is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by him, caused by the accident with an underinsured motor vehicle -- all as required by the Texas Uninsured/Underinsured Motorists Coverage endorsement of the policy and Texas underinsured/uninsured motorist case law.  Further, Plaintiff has not established a contractual duty to pay, giving rise to a breach of contract claim under the alleged automobile policy. Also, Plaintiff has not established proper presentment of his claim for attorney's fees as required by Texas law.

5.     Defendant would show that it is entitled to all credits and offsets allowed under the policy against any damages awarded by the jury.  Such credits and offsets include, but are not limited to, all Personal Injury Protection (PIP) payments previously made by Travelers to Plaintiff Albert F. Castaneda in the total amount of $2,500.00. Defendant is also entitled to an offset in the amount of $30,000.00 recovered from the alleged underinsured tortfeasor Christopher Arguijo's liability insurer and any amount recovered from any other person, firm or

2

1950827.1

**State court action 0053**

entity responsible for the injuries and damages to Plaintiff.   If there is any combination of benefits payable to Plaintiff from the alleged underinsured tortfeasor or other responsible party or parties, whether paid by the tortfeasor or the responsible party or parties or paid on their behalf because of Plaintiff's damages, said payments should be offset against Plaintiff's damages, which would affect Plaintiff's recovery from Defendant. Defendant asserts its right to all legal and/or contractual offsets and/or credits to which it may be entitled.

6.     Plaintiff's claim is barred because the damages, if any, about which Plaintiff complains are solely caused by preexisting conditions, independent and not aggravated by the incident made the basis of this suit, and/or they are caused by a subsequent injury. Pre-existing conditions include but are not limited to: chronic eye pain from surgery prior to the incident made the basis of this suit, abdominal and chest pain suffered by Plaintiff prior to the incident made the basis of this suit and knee and spine conditions which pre-existed the incident made the basis of this suit – all as reported or reflected in Plaintiff's medical records provided to Defendant.  Defendant states that if Plaintiff is suffering from any injury, impairment, incapacity or disability whatsoever, such condition is solely due to some disease, natural cause, prior injury, or subsequent injury, wholly disassociated from the alleged injuries forming the basis of this lawsuit. Therefore, the incident made the basis of this lawsuit cannot be the proximate cause of the injury or damages.

7.     Defendant asserts that Plaintiff is not entitled to pre-judgment interest or any other damages, if any, beyond the benefits provided under the uninsured/underinsured motorist coverage of the subject insurance contract.

8.     Defendant respectfully reserves the right at this time to amend this answer to the

3

1950827.1

**State court action 0054**

Plaintiff's allegations after said Defendant has had the opportunity to more closely investigate these claims, as is the right and privilege of said Defendant under the TEXAS RULES of Civil Procedure and the laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant THE TRAVELERS INDMENITY COMPANY having fully answered herein, prays that the Court enter a take-nothing judgment in its favor, and for such other and further relief, both special and general, to which it may be justly entitled.

Respectfully submitted,

LECLAIR RYAN

/s/ Bruce C. Gaible

By: _____

BRUCE C. GAIBLE
State Bar No. 07567400
1233 West Loop South, Suite 1000
Houston, TX 77027
Telephone : (713) 654-1111
Facsimile : (713) 650-0027
Email : bruce.gaible@leclairryan.com

ATTORNEY FOR DEFENDANT,
THE TRAVELERS INDEMNITY COMPANY

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record on this the 10th day of April, 2017.

J. Scott Mechler
Davis Law Firm
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216

*Via E-Serve &*
*Facsimile 210-785-0806*

/s/ Bruce C. Gaible

_____

BRUCE C. GAIBLE

4

1950827 1

**State court action 0055**

CAUSE NO. 2017CV01542

| | | |
|---|---|---|
| ALBERT F. CASTANEDA | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | AT LAW NO. 10 |
| | § | |
| TRAVELERS INDEMNITY COMPANY; | § | |
| AND LORINA MARSHALL | § | |
| Defendants | § | BEXAR COUNTY, TEXAS |

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared Bruce C. Gaible, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that he is the counsel of record for Defendant The Travelers Indemnity Company in the above-captioned and styled lawsuit, and that the statements contained in paragraph 4. of Defendant's Original Answer are true and correct based upon information and belief.

BRUCE C. GAIBLE

SUBSCRIBED AND SWORN to before me on this 10th day of April, 2017 to certify which witness my hand and official seal of office.

NOTARY PUBLIC
STATE OF TEXAS

KHANH P. NGUYEN
Notary Public, State of Texas
Comm Expires 02-08-2021
Notary ID 8645111

1950827 1

**State court action 0056**

## 2017CV01542

E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date: 4/20/2017 2:11:32 PM
Accepted By: Justin Longoria
/s/ Justin Longoria
Deputy Clerk

CAUSE NO. 2017CV01542

| | | |
|---|---|---|
| ALBERT F. CASTANEDA | § | IN THE COUNTY COURT |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | AT LAW NO. 10 |
| | § | |
| TRAVELERS INDEMNITY COMPANY; | § | |
| AND LORINA MARSHALL | § | |
| **Defendants** | § | BEXAR COUNTY, TEXAS |

## DEFENDANT LORINA MARSHALL'S ORIGINAL ANSWER

COMES NOW Defendant LORINA MARSHALL ("Defendant") and files her Original Answer, and in support thereof would show as follows:

1. Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's pleadings filed herein, and demands strict proof thereof, as required by the laws of this State of persons or entities who bring suit as the Plaintiff did in the instant case.

2. To the extent Plaintiff seeks recovery for medical bills, expenses, and services that were provided to Plaintiff, but which were never charged to Plaintiff or were charged to Plaintiff but thereafter written off with no expectation of payment, and therefore never paid or incurred by Plaintiff, Defendant contends that Plaintiff is not entitled to recover these amounts. Defendant is entitled to a credit for any offset or discount from fees for services; specifically, Plaintiff may only recover medical or healthcare expenses that the patient actually paid or that were incurred by or on the patient's behalf. TEX. CIV. PRAC. & REM. CODE § 41.0105.

3. Defendant further pleads that pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §18.091, and notwithstanding any other law, if Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of pecuniary value, or loss of inheritance,

1952795.1

then Plaintiff is required to present evidence to prove such losses in the form of a net loss after reduction for income tax purposes or unpaid tax liability pursuant to federal income tax laws.

4.    Defendant denies by verification under Rule 93(15) of the TEXAS RULES OF CIVIL PROCEDURE, the allegations on page 3 of Plaintiff's Original Petition contained within paragraph VII., titled "Conditions Precedent", that "all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the cause of action at bar." Plaintiff has not pled that he has a contract for underinsured benefits with Lorina Marshall. Further, Plaintiff has failed to establish that he is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by him, caused by the accident with an underinsured motor vehicle -- all as required by the Texas Uninsured/Underinsured Motorists Coverage endorsement of the policy referenced by Plaintiff and the case law addressing conditions precedent for Texas underinsured/uninsured motorist recovery.  Further, Plaintiff has not established a contractual duty to pay, giving rise to a breach of contract claim under a policy of insurance allegedly issued by Co-Defendant Travelers.  *See Henson v. Tex. Farm Bureau Mut. Ins. Co.*, 989 S.W.2d 837, 839 (Tex.App.Amarillo 1999), *aff'd*, 17 S.W.3d 652 (Tex. 2000). ("To avail himself of the uninsured/underinsured coverage, Henson was required by the precise language of the policies to show that he was 'legally entitled to recover' from either [of two alleged tortfeasors], or both ... Henson must be able to show fault on the part of the uninsured or underinsured motorist and the extent of his resulting damages.") Also, because Plaintiff has no breach of contract claim, Plaintiff can establish no proper presentment of his claim for attorney's fees as required by Texas law. And, Plaintiff has no claim for recovery of attorney's fees against Defendant Lorina Marshall because no contract exists between the two.

1952795.1

2

5.      Defendant would show that in the unlikely event judgment is entered against her, she is entitled to all credits and offsets allowed under the policy against any damages, if any, awarded by the jury.  Such credits and offsets include, but are not limited to, all Personal Injury Protection (PIP) payments previously made by Defendant The Travelers Indemnity Company to Plaintiff Albert F. Castaneda in the total amount of $2,500.00.  Defendant is also entitled to an offset in the amount of $30,000.00 recovered from the alleged underinsured tortfeasor Christopher Arguijo's liability insurer and any amount recovered from any other person, firm or entity responsible for the injuries and damages to Plaintiff.   If there is any combination of benefits payable to Plaintiff from the alleged underinsured tortfeasor or other responsible party or parties, whether paid by the tortfeasor or the responsible party or parties or paid on their behalf because of Plaintiff's damages, said payments should be offset against Plaintiff's damages, if any, which would affect Plaintiff's recovery from Defendant, if any.  Defendant asserts its right to all legal and/or contractual offsets and/or credits to which she may be entitled.

6.      Plaintiff's claim is barred because the damages, if any, about which Plaintiff complains are solely caused by pre-existing conditions, independent and not aggravated by the incident made the basis of this suit, and/or they are caused by a subsequent injury.  Plaintiff's pre-existing conditions include but are not limited to: chronic eye pain from surgery prior to the incident made the basis of this suit, abdominal and chest pain suffered by Plaintiff prior to the incident made the basis of this suit and knee and spine conditions which pre-existed the incident made the basis of this suit – all as reported or reflected in Plaintiff's medical records provided to The Travelers Indemnity Company.   Defendant states that if Plaintiff is suffering from any injury, impairment, incapacity or disability whatsoever, such condition is solely due to some disease, natural cause, prior injury, or subsequent injury, wholly disassociated from the alleged

3

injuries forming the basis of this lawsuit.  Therefore, the incident made the basis of this lawsuit cannot be the proximate cause of the injury or damages.

7.      Defendant asserts that Plaintiff is not entitled to pre-judgment interest or any other damages, if any and in the unlikely event judgment is entered against her, beyond the benefits provided under the uninsured/underinsured motorist coverage of the subject insurance contract.

8.      Defendant Lorina Marshall further asserts that Plaintiff has not pled a breach of contract claim or cause of action for breach of the duty of good faith and fair dealing against Defendant Lorina Marshall in this suit for recovery of contractual underinsured motorist ("UIM") benefits. Because Plaintiff has no basis for recovery against her, contractual or extra-contractual, she is entitled to dismissal from this lawsuit.  Plaintiff has no cause of action for breach of contract against Lorina Marshall, and, under Texas UIM case law, *all* of Plaintiff's claims extra-contractual claims against Lorina Marshall are predicated on a contractual failure to pay UIM contractual benefits.  In fact, there exists no contract between Plaintiff and Lorina Marshall, and therefore Plaintiff has no cause of action for contractual benefits *and* no common law or statutory  extra-contractual causes of action for damages exist against Lorina Marshall. *See In re Old Am. Cnty. Fire Ins. Co.*, 2013 WL 398866. at *4 (Tex. App.—Corpus Christi Jan. 30. 2013, orig. proceeding) (mem. op.)("to prevail on their extra-contractual claims against Old American, plaintiffs must first demonstrate that Old American was contractually obligated to pay their uninsured motorist claim"); *In re United Fire Lloyds*, 327 S.W.3d 250, 257 (Tex. App.--San Antonio 2010, orig. proceeding)("United Fire should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits.") The policy of insurance upon which Plaintiff sues was not a contract entered into with the individual

4

Defendant Lorina Marshall. *See Aetna Cas. & Sur. Co. v. Garza*, 906 S.W.2d 543, 551-552 (Tex. App. – San Antonio 1995, writ dism'd by agr.)(trial court erred in rendering judgment against adjuster individually; "[a]n insurance company cannot delegate the duty of good faith and fair dealing because *it has the contract with the insured.*"). *See also Natividad v. Alexsis, Inc.*, 875 S.W.2d 692, 697-98 (Tex. 1994)("[t]here is no need to extend the duty of good faith and fair dealing owed by insurance carriers to their insureds to include agents or contractors of the insurance carrier" because "absent privity of contract, the duty [of good faith and fair dealing] does not arise".)

9.      Defendant further asserts that Defendant Lorina Marshall is entitled to dismissal of all of Plaintiff's extra-contractual claims pled against her for failure to pay UIM contractual benefits, whether extra-contractual claims are grounded in the common law of breach of the duty of good faith and fair dealing or in statute.  Therefore, *all* statutory extra-contractual claims fail. *See Borg v. Metro. Lloyd's of Texas*, W:12-CV-256, 2013 WL 12091651, at *3 (W.D. Tex. Feb. 21, 2013) (citing with approval *Weir v. Twin City Fire Insurance Company*, 622 F. Supp. 2d 483, 486 (S.D. Tex. 2009) and agreeing that, in general "[i]f there is no contractual duty to pay, [Defendant] cannot be in 'bad faith,' under common law or statute.") *See also Robinson v. State Farm & Cas. Co.*, 13 F.3d 160, 162 (5th Cir. 1994)("Texas Insurance Code and the Deceptive Trade Practices Act are in large measure statutory fleshings-out of the already existing, common law requirements."); *Higginbotham  v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997)("Texas courts have clearly ruled that these [DTPA and Insurance Code] extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas.")

State court action 0061

10.     Defendant Lorina Marshall further asserts, specifically, that she is entitled to dismissal of Plaintiff's cause of action for violations of Chapter 541 of the Texas Insurance Code (formerly Art. 21.21 – as noted in Plaintiff's petition).  Plaintiff alleges that Defendant Lorina Marshall was employed by Travelers, an insurance company, and was acting as the agent for Travelers and within the course and scope of her employment with Travelers.  However, Plaintiff pleads no facts that Lorina Marshall was herself "engaged in the business of insurance" such that liability separate and apart from that of her employer Travelers could be assessed.  *See Borg v. Met. Lloyd's of Tex.*, C.A. No. W:12-CV-256, 2012 WL 12539326, at *4 (W.D. Tex., Nov. 26, 2012) (finding that because 1) Plaintiff had not pled that he was "legally entitled to recover" against Defendants by establishing existence of a judgment that the uninsured motorist was at fault and the extent of damages and 2) Plaintiff had not alleged any facts which reasonably demonstrated he had any independent claim against the adjuster, Plaintiff failed to state a viable claim against the improperly joined individual adjuster.)  *See also Liberty Mut. Ins. Co. v. Garrison Contrs.*, 966 S.W.2d 4821(Tex. 1998)(finding that a *sales* agent may be individually liable when the agent misrepresents specific policy terms before a loss, and the insured's reliance upon such misrepresentation actually causes the insured to incur damages).  No allegation exists that Defendant Lorina Marshall sold Plaintiff an insurance policy or explained the policy terms or premium calculations to Plaintiff or that Plaintiff was even a prospective buyer.  She did not solicit insurance sales or handle insurance investments or underwrite or otherwise engage in any of the essential activities necessary to be "engaged in the business of insurance" such that independent liability can be assessed against her.  Nor did Plaintiff rely on any unspecified misrepresentations made by Defendant because at all times relative to Plaintiff's claim he was

1952795.1

6

represented by counsel. Plaintiff's allegations against Defendant Lorina Marshall under Chapter 541 therefore fail.

11.     Defendant Lorina Marshall further specifically asserts that she is entitled to dismissal of Plaintiff's cause of action pled under the Texas Deceptive Trade Practices Act ("DTPA"). By the manner Plaintiff has pled his DTPA claims, including his "unconscionable action or course of action" claim, against Defendant Lorina Marshall, each depends on the validity of Plaintiff's "violations of the Texas Insurance Code" claims. The claims are alleged "by and through" the same provisions cited by Plaintiff under Chapter 541 of the Texas Insurance Code; they therefore fail for the same reasons stated in the immediately preceding paragraph.   Because Plaintiff also cannot recover against Defendant Lorina Marshall under the Chapter 541, Plaintiff also cannot recover against Defendant Lorina Marshall under the DTPA. Moreover, no allegation exists that Plaintiff purchased a good or service from Defendant Lorina Marshall, and in fact, Plaintiff did not purchase a good or service from Defendant Lorina Marshall.   "Unconscionability requires that the seller take advantage of lack of knowledge, ability, experience, or capacity of a person '*at the time of the sale*'" (emphasis in original). *Tolbert ex rel. Tolbert v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 657 F.2d 262, 272 (5th Cir. 2011), citing *Parkway Co. v. Woodruff*, 901 S.W.2d 434 (Tex. 1995),(citing *Chastain v. Koonce*, 700 S.W.2d 579, 584 (Tex. 1985)).   Plaintiff's unconscionability claim is premised on conduct of Defendant Lorina Marshall alleged to have occurred well after the sale of an auto policy to some entity other than Plaintiff (alleged in the petition to be "Maruti Transit Group"). Therefore, all of Plaintiff's DTPA claims fail.

12.     Defendant Lorina Marshall further asserts that, for the same reasons set forth in the preceding three paragraphs, she is entitled to dismissal of Plaintiff's cause of action for

1952785.1

violations of Chapter 542 of the Texas Insurance Code (formerly 21.21-2 and 21.55 – as noted in Plaintiff's petition). Also, Chapter 542, by its very language, applies only to "insurers" as defined by the TIC. Plaintiff does not allege that Lorina Marshall is an "insurer," and Lorina Marshall is not an "insurer" as required by Chapter 542. As such, she cannot be liable under Chapter 542 of the Texas Insurance Code. Plaintiff's allegations under Chapter 542 do not apply to Lorina Marshall in her individual capacity and Plaintiff's cause of action under this Chapter also fails.

13.    Defendant Lorina Marshall additionally asserts that Plaintiff's boilerplate, conclusory allegations pled under Chapter 541 and 542 of the Texas Insurance Code and the DTPA are insufficient to establish a cause of action against Lorina Marshall. None of the facts alleged by plaintiff as to Lorina Marshall states a violation of the DTPA or the Texas Insurance Code. Instead, the allegations stated against Lorina Marshall are legal conclusions couched as factual allegations, making all allegations insufficient to state or establish a claim against Lorina Marshall. "In order to sufficiently plead a cause of action against an insurance adjuster, a plaintiff must allege 'specific actionable conduct by the adjuster and distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer.'" *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, W-16-CA-00315-JCM, 2017 WL 1289036 (W.D. Tex. Apr. 6, 2017), citing *Mt. Olive Missionary Baptist Church v. Underwriters at Lloyd's, London*, No. CV H–16–234, 2016 WL 4494439, at *3 (S.D. Tex. Aug. 26, 2016).

14.    Defendant respectfully reserves the right at this time to amend this answer to the Plaintiff's allegations after said Defendant has had the opportunity to more closely investigate these claims, as is the right and privilege of said Defendant under the TEXAS RULES of Civil Procedure and the laws of the State of Texas.

8

1952795.1

State court action 0064

WHEREFORE, PREMISES CONSIDERED, Defendant **LORINA MARSHALL** having fully answered herein, prays that the Court enter a take-nothing judgment in her favor, and for such other and further relief, both special and general, to which she may be justly entitled.

Respectfully submitted,

**LECLAIR RYAN**

By: _____

**BRUCE C. GAIBLE**
State Bar No. 07567400
1233 West Loop South, Suite 1000
Houston, TX 77027
Telephone : (713) 654-1111
Facsimile : (713) 650-0027
Email : bruce.gaible@leclairryan.com

**ATTORNEY FOR DEFENDANT,
LORINA MARSHALL**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record on this the 20th day of April, 2017.

J. Scott Mechler
Davis Law Firm
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216

*Via E-Serve &
Facsimile 210-785-0806*

_____
**BRUCE C. GAIBLE**

9

1952795.1

CAUSE NO. 2017CV01542

| | | |
|---|---|---|
| ALBERT F. CASTANEDA | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | AT LAW NO. 10 |
| | § | |
| TRAVELERS INDEMNITY COMPANY; | § | |
| AND LORINA MARSHALL | § | |
| Defendants | § | BEXAR COUNTY, TEXAS |

## VERIFICATION

STATE OF TEXAS        §
                      §
COUNTY OF HARRIS      §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Bruce C. Gaible, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that he is the counsel of record for Defendant Lorina Marshall in the above-captioned and styled lawsuit, and that the statements contained in paragraph 4. of Defendant Lorina Marshall's Original Answer are true and correct based upon information and belief.

_____
BRUCE C. GAIBLE

SUBSCRIBED AND SWORN to before me on this 20th day of April, 2017 to certify which witness my hand and official seal of office.

_____
NOTARY PUBLIC
STATE OF TEXAS

ALICE P. NEWLAND
Notary Public, State of Texas
My Commission Expires
January 17, 2018

1952795.1

10

E-FILED
Bexar County, County Clerk
Gerard Rickhoff
Accepted Date: 4/21/2017 9:36:14 AM
Accepted By: Justin Longoria
/s/ Justin Longoria
Deputy Clerk

## 2017CV01542

CAUSE NO. 2017CV01542

| | | |
|---|---|---|
| ALBERT F. CASTANEDA | § | IN THE COUNTY COURT OF |
| | § | |
| vs. | § | AT LAW NO. CC# 10 |
| | § | |
| TRAVELERS INDEMNITY COMPANY | § | |
| AND LORINA MARSHALL | § | BEXAR COUNTY, TEXAS |

### DEFENDANTS', THE TRAVELERS INDEMNITY COMPANY AND LORINA MARSHALL, RULE 216 REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF THE COURT:

In accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendants, **THE TRAVELERS INDEMNITY COMPANY AND LORINA MARSHALL**, request that when this case proceeds to trial, it be placed on the Court's jury trial docket.

The appropriate jury fee is tendered herewith.

Respectfully submitted,

LeClairRyan

*/s/ Bruce C. Gaible*

By:_____
Bruce C. Gaible
State Bar No. 07567400
1233 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 654-1111
Facsimile: (713) 650-0027
Email: bruce.gaible@leclairryan.com

**ATTORNEY FOR DEFENDANTS,
THE TRAVELERS INDEMNITY COMPANY
AND LORINA MARSHALL**

1950327.1

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record on this the 20th day of April, 2017.

J. Scott Mechler
Davis Law Firm
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216

*Via E-Serve*

*/s/ Bruce C. Gaible*

_____
BRUCE C. GAIBLE

2

1950327.1

State court action 000068